STATE OF NORTH CAROLINA v. HERBERT EUGENE PULLIAM

No. COA99-1315

(Filed 1 August 2000)

**Search and Seizure— traffic stop—consent to search car—pat-down of person—search incident to arrest**

> The trial court did not err by denying defendant's motion to suppress cocaine where the car in which he was a passenger was stopped at a traffic check point; the car was driven by a man known to officers to be a convicted drug trafficker, who claimed that he did not know defendant's name and who consented to a search of the car; defendant became belligerent when asked to leave the vehicle; he appeared intoxicated when he finally left the vehicle; an officer saw a bulge in defendant's pocket about an inch wide and six inches long and conducted a pat-down search, discovering a utility razor knife; defendant was arrested for carrying a concealed weapon; and a search of defendant's person incident to the arrest produced a plastic baggie containing marijuana and cocaine.

STATE v. PULLIAM

[139 N.C. App. 437 (2000)]

Appeal by defendant from judgment entered 24 May 1999 by Judge William Z. Wood in Davie County Superior Court. Heard in the Court of Appeals 24 July 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Robert H. Raisbeck, Jr. for defendant appellant.*

HUNTER, Judge.

After noting a timely appeal to the denial of his motion to suppress, defendant pled guilty to possession of cocaine with intent to manufacture, sell or deliver and to being an habitual felon. By judgment entered 24 May 1999, Judge William Z. Wood sentenced defendant in the mitigated range to eighty to 105 months imprisonment. We now address defendant's appeal from the denial of his suppression motion.

The State's witnesses at the suppression hearing were Detective Sergeant Christopher Paul Shuskey ("Shuskey") and Detective Anthony Ross Leftwich ("Leftwich") of the Davie County Sheriff's Office. On the evening of 23 October 1998, the detectives were assigned to a traffic check point at the intersection of Daniel and Gladstone Roads in southern Davie County. Shuskey testified that all vehicles passing through the intersection were stopped and checked for traffic violations. In addition, officers randomly asked drivers for consent to search their vehicles.

Defendant arrived at the check point as a passenger in a car driven by a man known by Shuskey and Leftwich to be a convicted drug trafficker. Shuskey asked the driver for his license and registration, which he produced. When asked who his passenger was, the driver claimed he did not know defendant's name. The driver consented to a search of his vehicle and pulled his car onto the shoulder of Daniels Road.

Before conducting the search, Shuskey asked Leftwich to "get [defendant] out of the vehicle." "[F]or my safety, I wanted to get him outside[,] and for his safety also[,]" Shuskey explained. When Leftwich asked him to leave the vehicle, defendant grew "belligerent," saying the detective had no right to make him get out. Defendant smelled of alcohol, was "very loud" and "[a]rgumentative" and used profanity. When defendant finally exited the vehicle, he was "unsteady on his feet" and appeared to be intoxicated. Leftwich saw

STATE v. PULLIAM

[139 N.C. App. 437 (2000)]

a "large bulge[,]" one inch wide and six or seven inches long, in defendant's front pants pocket. Leftwich conducted a pat down search of defendant for weapons and discovered a utility razor knife in defendant's pants pocket. Leftwich arrested defendant for carrying a concealed weapon. A search of defendant's person incident to the arrest produced a plastic baggie of marijuana and nine rocks of crack cocaine.

In denying the motion to suppress, the trial court made findings of fact consistent with the detectives' account of events. The court found the driver was known to the detectives as a convicted drug trafficker, did not know the name of his passenger, and consented to a search of his vehicle. The court further found defendant was asked to exit the vehicle pursuant to the consent search and was patted down for the officers' safety, as follows:

> Officer Leftwich then asked the defendant to get out of the vehicle . . . . The defendant, who exhibited an odor of alcohol, became hostile and belligerent with the officer. Upon the defendant exiting, the officer noticed a bulge in the front pocket of the defendant. The shape and dimensions of the bulge appeared to the officer as a possible weapon. . . .

The court concluded (1) the check point stop was lawful; (2) the driver granted valid consent to a search of his vehicle; (3) defendant was lawfully asked to exit the vehicle to effect the search; (4) Leftwich saw a bulge in defendant's pants pocket resembling a weapon, which justified a pat down "to protect the officer's safety[;]" (5) the knife was discovered during a lawful pat down; and (6) the marijuana and crack cocaine were found during a lawful search incident to defendant's arrest.

On appeal, defendant argues the warrantless search of his person was unconstitutional. He notes the detectives lacked any basis for a reasonable suspicion that he or the driver was engaged in criminal activity. He asserts the description of the lump in his pocket was too indeterminate to justify a belief he was carrying a weapon rather than any one of several innocent objects. Finally, defendant challenges the court's finding that the driver consented to the search of his vehicle, believing the "record is devoid of any evidence" of consent. Absent such consent, defendant claims the officers lacked probable cause to search him.

In reviewing a trial judge's ruling on a suppression motion, we determine only whether the trial court's findings of fact are supported

**STATE v. PULLIAM**

[139 N.C. App. 437 (2000)]

by competent evidence, and whether these findings of fact support the court's conclusions of law. *See State v. Rhyne*, 124 N.C. App. 84, 88-89, 478 S.E.2d 789, 791 (1996).

The sole factual challenge raised by defendant is whether the evidence supports the finding that the driver consented to a search of his vehicle. Contrary to defendant's claim, however, the record contains Shuskey's uncontradicted testimony affirming the driver's consent:

> [SHUSKEY:] . . . At that time I asked [the driver] for consent to search his vehicle.
>
> [COUNSEL:] Did [the driver] consent to the request?
>
> [SHUSKEY:] Yes, he did.

Shuskey confirmed the driver was free to "go on down the road" had he refused to allow the search.

Under both the North Carolina and United States Constitutions, "an officer may conduct a pat down search, for the purpose of determining whether the person is carrying a weapon, when the officer is justified in believing that the individual is armed and presently dangerous." *State v. Sanders*, 112 N.C. App. 477, 480, 435 S.E.2d 842, 844 (1993). In determining the reasonableness of a pat down search, the North Carolina Supreme Court has adopted the standard of *Terry v. Ohio*, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911 (1968), "*i.e.*, 'whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' " *Sanders*, 112 N.C. App. at 481, 435 S.E.2d at 844-45 (quoting *State v. Peck*, 305 N.C. 734, 742, 291 S.E.2d 637, 642 (1982)).

Defendant does not challenge the constitutionality of the initial stop of the vehicle. Generally, an investigative stop and detention leading to a pat down search must be based on an officer's reasonable suspicion of criminal activity. *Id.* However, an investigative stop at a traffic check point is constitutional, without regard to any such suspicion, if law enforcement officers systematically stop all oncoming traffic. *See Delaware v. Prouse*, 440 U.S. 648, 59 L. Ed. 2d 660 (1979); *Sanders*, 112 N.C. App. at 480, 435 S.E.2d at 844.

Moreover, the United States Supreme Court has affirmed the right of police to order passengers from a vehicle in order to conduct a search of the driver's car, despite the complete absence of probable cause or reasonable suspicion concerning the passengers. *Maryland*

*v. Wilson*, 519 U.S. 408, 137 L. Ed. 2d 41 (1997). Although the search of the vehicle in *Wilson* arose during a stop for a minor traffic offense, we believe the Court's analysis of passengers' rights applies equally to a consent search of a vehicle conducted during a check point stop:

> [A]s a practical matter, the passengers are already stopped by virtue of the stop of the vehicle. The only change in their circumstances which will result from ordering them out of the car is that they will be outside of, rather than inside of, the stopped car. Outside the car, the passengers will be denied access to any possible weapon that might be concealed in the interior of the passenger compartment. It would seem that the possibility of a violent encounter stems not from the ordinary reaction of a motorist stopped for a speeding violation, but from the fact that evidence of a more serious crime might be uncovered during the stop. And the motivation of a passenger to employ violence to prevent apprehension of such a crime is every bit as great as that of the driver.

*Id.* at 413-14, 137 L. Ed. 2d at 47-48.

Based on *Prouse*, *Sanders* and *Wilson*, we conclude the initial check point stop and the driver's consent to the search of his vehicle provided sufficient constitutional justification for defendant's removal from the car. As a passenger, defendant was obliged to exit the vehicle for safety reasons during the search thereof, despite the absence of probable cause or a reasonable suspicion of criminal activity.

Once defendant was out of the car and in close proximity to sheriff's detectives, they were permitted to conduct a limited pat down search for weapons if they had a reasonable suspicion based on articulable facts under the circumstances that defendant was armed and dangerous. *See State v. Adkerson*, 90 N.C. App. 333, 338, 368 S.E.2d 434, 437 (1988).

We hold the facts as found by the trial court support its conclusion that the pat down search was constitutional. Among the articulable grounds for the search were the long, narrow bulge in defendant's front pants pocket, his belligerent attitude toward the detectives and his apparent intoxication. That the driver of the vehicle claimed not to know defendant's name also lent a degree of uncertainty and suspiciousness to the encounter.

Because we hold defendant's arrest was lawfully based on the fruits of a valid pat down search, the warrantless search of his person incident to the arrest, which yielded the marijuana and crack cocaine, was likewise constitutional. *See State v. Hardy*, 299 N.C. 445, 455, 263 S.E.2d 711, 718 (1980).The motion to suppress was properly denied.

No error.

Judges McGEE and TIMMONS-GOODSON concur.