STATE OF NORTH CAROLINA v. SHON WILLIAM PRICE, DEFENDANT

No. COA04-816

(Filed 3 May 2005)

## 1. Indictment and Information— superior court—misdemeanor offenses—failure to include offenses in indictment

The trial court did not have jurisdiction over the misdemeanor charges against defendant for harboring a fugitive, possession of one half ounce of marijuana, possession of drug paraphernalia, resisting a public officer, and maintaining a dwelling place to keep controlled substances, and the judgments entered on those charges are vacated because: (1) although defendant's misdemeanor charges could properly be joined with the felony charges pending in superior court under N.C.G.S. § 15A-926 as they arose from the same series of acts or transactions as the felony charges, charges must be before the superior court on presentment, information, or indictment; and (2) these misdemeanor charges were never included in an indictment and were before the superior court on warrants only.

## 2. Courts— criminal trial during civil session—erroneous designation on transcript

The trial court did not err as a matter of law by conducting defendant's criminal trial during a civil session of court because in spite of the erroneous designation on the cover page of the official court transcript, there was ample evidence in the record to show the session of court during which defendant's trial took place was both a criminal and civil session.

**3. Judges— trial judge's commission to conduct criminal court**

Although defendant contends for the first time on appeal in a drug case that the trial judge did not have a commission to conduct criminal court in Henderson County for the 15 September 2003 session of court, defendant presents no evidence to suggest the judge did not have such a commission and the judge explained at trial that the Chief Justice of the North Carolina Supreme Court had assigned him to hold court in Henderson County that week as permitted by N.C. Const. art. IV, § 11.

**4. Drugs— delivery of methamphetamine—delivery of marijuana—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motions made at the close of the State's evidence and again at the close of all evidence to dismiss the felony charges of delivery of methamphetamine and delivery of marijuana, because: (1) the State presented evidence of defendant's delivery of controlled substances at trial through the testimony of two females who were found in possession of the drugs that defendant allegedly had given them to conceal; and (2) the credibility and the weight given to the testimony of these witnesses is a matter for the jury.

**5. Evidence— recordings of telephone calls—pretrial detainee—wiretapping**

The trial court did not err in a drug case by denying defendant's motion to suppress evidence of recordings of telephone calls made by defendant to his mother that were intercepted while defendant was a pretrial detainee, because: (1) under both our state and federal wiretapping laws, the interception of telephone calls does not violate the statutory prohibitions so long as at least one party to the communication consents; (2) both parties to the conversation heard the recorded warning that the call was subject to monitoring and recording and thus they consented, at least impliedly, by continuing with the conversation in the face of that warning; and (3) defendant's constitutional arguments have not been properly preserved for appeal.

**6. Evidence— motion to suppress—recorded phone conversations—Rule 403**

The trial court did not err in a drug case by failing to suppress statements contained in the recorded phone conversations between defendant and his mother allegedly in violation of N.C.G.S. § 8C-1, Rule 403, because: (1) there is no evidence in the

record that defendant ever identified to the trial court the specific statements he contends are unduly prejudicial or that he requested the trial court to suppress the allegedly prejudicial statements after the trial court denied his motion to suppress the evidence in its entirety; and (2) defendant never raised Rule 403 as a basis for his motion to suppress the phone call evidence in the motion itself or in his oral arguments before the court regarding the motion.

**7. Criminal Law— recordation of trial—jury selection—arguments of counsel—bench conferences**

Jury selection in noncapital cases and the opening and closing arguments of counsel must be recorded upon the motion of either party or on the judge's own motion. However, routine private bench conferences between the trial judge and attorneys are not required to be recorded. N.C.G.S. § 15A-1241(b).

Appeal by defendant from judgments entered 18 September 2003 by Judge E. Penn Dameron in Henderson County Superior Court. Heard in the Court of Appeals 2 February 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*M. Alexander Charns, for defendant-appellant.*

JACKSON, Judge.

Shon Price (defendant) was charged on warrants with the misdemeanor offenses of: harboring a fugitive; possession of up to one half ounce of marijuana; possession of drug paraphernalia; resisting a public officer and maintaining a dwelling place to keep controlled substances and was indicted on the felony charges of: delivery of methamphetamine; delivery of marijuana and habitual felon. All charges against the defendant resulted from a series of activities on 4 February 2003. Defendant waived his preliminary hearing on both the felony and misdemeanor charges in district court and the court issued orders transferring the misdemeanor charges to superior court with the felonies as related offenses. Defendant was indicted on the felony charges, but the misdemeanor charges contained in the warrants were never included in an indictment. At a jury trial conducted in superior court defendant was found guilty of possession of marijuana; possession of drug paraphernalia; resisting a public officer; maintaining a dwelling place to keep controlled substances; delivery

of methamphetamine and delivery of marijuana. Defendant admitted to the habitual felon charge after his conviction of these charges. The court dismissed the harboring a fugitive charge at the close of the State's evidence.

At trial the State's evidence tended to show that on 4 February 2003 officers went to defendant's mother's house looking for a fugitive. Defendant lived in a shed behind his mother's house. Defendant confronted the officers and ordered them off the property at which time he was handcuffed and patted down. Rolling papers and a marijuana roach were found on defendant's person. Defendant gave two women at the scene, both admitted methamphetamine addicts, drugs to conceal from the police. Defendant gave one woman ten grams of marijuana and the other a pill bottle containing methamphetamine which the women secreted on their persons. When the women discovered that they would be searched and a drug dog was en route, they voluntarily gave the drugs to the officers and stated that defendant had given them the drugs to hide. No drugs were found in defendant's shed. The only evidence presented at trial linking defendant to the drugs found on the women was their testimony that defendant gave the drugs to them.

While in pretrial confinement at the Henderson County detention facility, defendant placed telephone calls to his mother. These calls were recorded, as were all inmate calls at the facility. The evidence presented at trial showed the facility's Evercom system plays a recording to recipients of calls from inmates which states:

> Hello, this is a collect call from [Shon] an inmate at the county jail. To accept charges press 0 to refuse charges press . . . This call is subject to monitoring and recording. Thank you for using Evercom.

In his calls defendant used profanity, made erroneous statements regarding the length of the sentence he was facing, and made disparaging remarks regarding his appointed counsel. Prior to trial, defendant filed a motion to suppress the recordings of his calls from jail. Defendant's motion was heard and denied by the trial court.

**[1]** Defendant's first argument is that the trial court lacked jurisdiction to try the misdemeanor charges against him as they had not been tried in district court and subsequently appealed to superior court, nor had they been included in an indictment. The North Carolina Constitution provides in part, "[e]xcept in misdemeanor cases initi-

ated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment." N.C. Const., art. I, § 22. A criminal case may be tried in superior court on a warrant only on an appeal from a conviction at trial in a lower court with jurisdiction over the offense. *State v. Guffey*, 283 N.C. 94, 194 S.E.2d 827 (1973).

Jurisdiction over misdemeanor offenses is set forth in N.C. Gen. Stat. § 7A-271 which states in part:

(a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this Article, except that the superior court has jurisdiction to try a misdemeanor:

(1) Which is a lesser included offense of a felony on which an indictment has been returned, or a felony information as to which an indictment has been properly waived; or

(2) When the charge is initiated by presentment; or

(3) Which may be properly consolidated for trial with a felony under G.S. 15A-926;

(4) To which a plea of guilty or nolo contendere is tendered in lieu of a felony charge; or

(5) When a misdemeanor conviction is appealed to the superior court for trial de novo, to accept a guilty plea to a lesser included or related charge.

(b) Appeals by the State or the defendant from the district court are to the superior court. The jurisdiction of the superior court over misdemeanors appealed from the district court to the superior court for trial de novo is the same as the district court had in the first instance, and when that conviction resulted from a plea arrangement between the defendant and the State pursuant to which misdemeanor charges were dismissed, reduced, or modified, to try those charges in the form and to the extent that they subsisted in the district court immediately prior to entry of the defendant and the State of the plea arrangement.

(c) When a district court is established in a district, any superior court judge presiding over a criminal session of court shall order transferred to the district court any pending misdemeanor which does not fall within the provisions of subsec-

tion (a), and which is not pending in the superior court on appeal from a lower court.

Additionally, however, N.C. Gen. Stat. § 15A-922(g) provides, "[w]hen the prosecution of a misdemeanor is initiated in the superior court as permitted by G.S. 7A-271, the prosecution *must* be upon information or indictment." (Emphasis added).

Here, defendant's misdemeanor charges properly could be joined with the felony charges pending in superior court under N.C. Gen. Stat. § 15A-926 as they arose from the same series of acts or transactions as the felony charges. This allows the misdemeanor charges to be tried in superior court rather than district court, however, as discussed *supra*, charges must be before the superior court on presentment, information or indictment. These misdemeanor charges never were included in an indictment and were before the superior court on warrants only. This precluded the superior court from exercising jurisdiction over the misdemeanor charges. Because the trial court did not have jurisdiction over the misdemeanor charges against defendant we vacate the judgments entered on those charges.

[2] Defendant next contends the trial court erred as a matter of law by conducting his criminal trial during a "civil session" of court. "For sessions of court designated for the trial of civil cases only, no grand juries shall be drawn and no criminal process shall be made returnable to any civil session." N.C. Gen. Stat. § 7A-49.2(b) (2004).

Defendant's argument is based solely on the cover page of the official court transcript which indicates it is a transcript of proceedings which occurred during the "September 15th, 2003 Civil Session . . . ." In spite of this designation there is ample evidence in the record to show the session of court during which defendant's trial took place was both a criminal and civil session. The Master Court Calendar for the Fall Sessions 2003 published by the Administrative Office of the Courts (AOC) designates the 15 September 2003 session of Superior Court of Henderson County as criminal and civil, a point conceded by defendant in his brief. Also, in his introduction to the jury pool, the trial judge stated "Good afternoon, ladies and gentlemen, I'd like to welcome you to your jury service for this—part of this week here in Henderson County Criminal Superior Court." Accordingly, we find it clear that the transcript cover sheet designation of the session as civil was simply a scrivener's error. This assignment of error has no merit and therefore is overruled.

**[3]** Defendant also asserts that the trial judge, the Honorable E. Penn Dameron, did not have a commission to conduct criminal court in Henderson County for the 15 September 2003 session of court. Although defendant failed to object to Judge Dameron's commission status at trial his assertion constitutes a jurisdictional issue which may be raised for the first time on appeal. N.C.R. App. P. 10(a). The defendant also failed to assign error to this issue. However, even in the absence of an assignment of error, our Supreme Court has continued to apply the old rule of appellate procedure allowing the issue of lack of subject matter jurisdiction to be raised for the first time on appeal. *See State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 498 (2000) (allowing amendment to the record on appeal adding an assignment of error regarding lack of subject matter jurisdiction that had not been assigned as error in the Court of Appeals).

Defendant presents no evidence to suggest Judge Dameron did not have such a commission, however. The Administrative Office of the Court's Master Court Calendar for the Fall 2003 sessions of court shows that the 15 September 2003 session of superior court in Henderson County was to be conducted by a judge "to be assigned." In his opening remarks to the jury Judge Dameron also explained that, although he actually was assigned to a different district, the Chief Justice of the North Carolina Supreme Court had assigned him to hold court in Henderson County that week. The North Carolina Constitution provides that: "[t]he Chief Justice of the Supreme Court, acting in accordance with rules of the Supreme Court, shall make assignments of Judges of the Superior Court . . . ." N.C. Const. art. IV, § 11. Accordingly, we hold there was no error.

**[4]** Defendant further assigns as error the denial of the motions he made at the close of the State's evidence and again at the close of all evidence to dismiss the felony charges due to insufficient evidence. In reviewing the denial of a criminal defendant's motion to dismiss for insufficient evidence we must determine whether the State has offered substantial evidence to show the defendant committed each element required to be convicted of the crime charged. *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Our Supreme Court has defined substantial evidence as relevant evidence sufficient to persuade a rational juror to accept a conclusion. *State v. Frogge*, 351 N.C. 576, 584, 528 S.E.2d 893, 899, *cert. denied*, 531 U.S. 994, 148 L. Ed. 2d 459, 121 S. Ct. 487 (2000). Evidence must be considered in the light most favorable to the State in deciding a motion

to dismiss for insufficient evidence. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

The North Carolina Controlled Substances Act defines " '[d]e-liver' or 'delivery' " to mean "the actual constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." N.C. Gen. Stat. § 90-87(7) (2004). We have held the crime of delivery of a controlled substance under N.C. Gen. Stat. § 90-95(a)(1) to be complete upon the transfer of a controlled substance from one person to another. *State v. Pevia*, 56 N.C. App. 384, 387, 289 S.E.2d 135, 137, *cert. denied*, 306 N.C. 391, 294 S.E.2d 218 (1982).

The State presented evidence of defendant's delivery of con-trolled substances at trial through the testimony of the two fe-males who were found in possession of the drugs that defendant allegedly had given them to conceal. The credibility and the weight given to the testimony of these witnesses is a matter for the jury. *State v. Upright*, 72 N.C. App. 94, 100, 323 S.E.2d 479, 484 (1984), *cert. denied*, 313 N.C. 610, 332 S.E.2d 82 (1985). Their testimony that defendant had given them the controlled substances, if believed by the jury, was sufficient to establish the elements required for convic-tion of the offense of delivery of a controlled substance. Consequently, we find no error in the trial court's denial of defend-ant's motions to dismiss the felony charges.

[5] Defendant next assigns as error the trial court's allowing evi-dence of recordings of telephone calls made by defendant to his mother. These calls were intercepted while he was a pre-trial detainee. Defendant filed a motion to suppress this evidence prior to trial. The trial court heard defendant's motion to suppress and denied that motion. The standard of review in evaluating a trial court's ruling on a motion to suppress is whether the court's findings of fact are supported by competent evidence and if those findings of fact sup-port the trial court's conclusions of law. *State v. Pulliam*, 139 N.C. App. 437, 439-40, 533 S.E.2d 280, 282 (2000).

Defendant has made only one assignment of error pertaining to the intercepted phone calls as follows:

The trial court erred in allowing evidence of the recording and interception of defendant's phone calls while he was a pre-trial detainee, in violation of the Due Process Clause of the Fourteenth Amendment, U.S. Constitution, and parallel provisions of the N.C.

STATE v. PRICE

[170 N.C. App. 57 (2005)]

Constitution, including Art. I, Sec.s 18, 19, 20, 21, 22, 23, 24, 35 and 36, and state and federal electronic surveillance statutes.

This argument fails to assign error to any of the trial court's findings of fact. If error is not assigned to any of the trial court's particular findings of fact, those findings are presumed to be supported by competent evidence and are therefore binding on appeal. *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). Consequently, our review in this case is limited to whether the trial court's findings of fact support its conclusions of law. *Pulliam*, 139 N.C. App. at 439-40, 533 S.E.2d at 282 (2002).

In his ruling from the bench on defendant's motion to suppress the recordings of his intercepted phone calls, the trial judge found as fact the following pertinent information:

(1) That there was a system in place on the Henderson County Jail telephones which automatically records all outgoing telephone calls;

(2) the system automatically gave notice to the persons participating in the telephone calls from jail;

(3) the notice was in the form of a statement given prior to accepting a call which states (in part) "This call is subject to monitoring and recording. Thank you for using Evercom.";

(4) the warning was given before the conversation in question;

(5) the parties that participated in the call (defendant and his mother) consented, at least impliedly, to the recording of the call.

Based on these findings of fact, the trial court concluded as a matter of law there were no violations of applicable North Carolina or federal wiretapping laws and the recordings of the telephone conversations were admissible.

The North Carolina and federal wiretapping laws, which are substantially similar, generally prohibit the interception of other parties telephone conversations. 18 U.S.C. § 2511 (2004); N.C. Gen. Stat. § 15A-287 (2004). Both statutory schemes provide certain exceptions, however. N.C. Gen. Stat. § 15A-287(a) provides a person is guilty of a class H felony if that person intercepts the wire or electronic communications of another in any of several ways "without

the consent of at least one party to the communication." The federal statute provides:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c). Therefore, it is clear, under both the law of our State and federal law, that the interception of telephone calls does not violate the statutory prohibitions so long as at least one party to the communication consents. Here, the trial court found that both parties to the conversation heard the recorded warning that the call was subject to monitoring and recording and that they consented, at least impliedly, by continuing with the conversation in the face of that warning.

In his assignment of error on this issue defendant also assigned error as to the admission of this evidence on the basis it violated his constitutional rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and its parallel provisions of the North Carolina Constitution. However, in his brief, the only constitutional argument defendant raises is a violation of his Fourth Amendment rights. Generally a constitutional question not raised at trial and ruled upon by the trial court will not be considered on appeal. *State v. Cooke*, 306 N.C. 132, 136, 291 S.E.2d 618, 620-21 (1982). At trial the sole basis for defendant's motion to suppress evidence regarding the intercepted phone calls was a violation of N.C. Gen. Stat. § 15A-286. Consequently, defendant's constitutional arguments have not been properly preserved for appeal and are not considered.

Accordingly, we find the trial court's findings of fact to support its conclusions of law and hold no error in the admission of the recordings of defendant's telephone conversations.

[6] Next, defendant argues the trial court erred in not suppressing unduly prejudicial statements contained in the recorded phone conversations with his mother in violation of Rule 403 of the N.C. Rules of Evidence. There is no evidence in the record, however, that defendant ever identified to the trial court the specific statements he contends are unduly prejudicial or requested the trial court to suppress the allegedly prejudicial statements after the trial court denied his motion to suppress the evidence in its entirety. In fact, defendant

never raised Rule 403 as a basis for his motion to suppress the phone call evidence in the motion itself or in his oral arguments before the court regarding the motion. Defendant's only mention of the allegedly inflammatory statements was:

> There also, your Honor, are many inflammatory aspects about this evidence. And I would ask you to consider whether its probative value can outweigh its prejudicial effects. There are many, many aspects of it which are not relevant, and which are nothing more than inflammatory.

This clearly refers to the evidence as a whole, does not specify what is contended to be inflammatory and unduly prejudicial and does not request that the trial court suppress anything other than the evidence in its entirety. As defendant did not make a motion to suppress only those portions of the evidence that were allegedly inflammatory or object to the introduction of the evidence on the basis that it violated Rule 403, this assignment of error was not properly preserved for appeal and therefore, is overruled.

[7] Finally, defendant argues the trial court erred as a matter of law by not ensuring there was a complete recordation of jury selection, the verbatim jury instructions from the court, bench conferences and arguments of counsel. It is the trial judge's responsibility to ensure the court reporter makes a true, complete, and accurate record of all statements from the bench and other proceedings except for (1) jury selection in noncapital cases; (2) opening and closing statements of counsel to the jury; and (3) arguments of counsel on questions of law. N.C. Gen. Stat. § 15A-1241(a). Jury selection in noncapital cases and the opening and closing arguments of counsel to the jury must be recorded upon the motion of either party or on the judge's own motion. N.C. Gen. Stat. § 15A-1241 (b). Routine, private bench conferences between the trial judge and attorneys are not "statements from the bench" and are not required to be recorded. *State v. Cummings*, 332 N.C. 487, 497-8, 422 S.E.2d 692, 697-8 (1992).

Defendant correctly concedes in his brief that the law does not presently support his argument and that he is unable to show prejudice from this alleged error. Therefore this assignment of error is overruled.

Judgments on misdemeanor charges are vacated for lack of subject matter jurisdiction in the trial court. No error on the remaining issues.

Vacated in part; no error in part.

Judges HUNTER and CALABRIA concur.