STATE OF NORTH CAROLINA
v.
JAMES ANTHONY MAY.
No. COA08-146
Court of Appeals of North Carolina
Filed December 2, 2008.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Kay Linn Miller Hobart, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant appellant.
McCULLOUGH, Judge.
Defendant James Anthony May appeals his convictions of attempted robbery with a firearm and possession of a firearm by a felon. For the reasons stated herein, we find no error in the trial, but remand for further proceedings.

I.
On 11 January 2005, Shawn McCullough was returning to the mobile home he shared with his girlfriend, Shana Gorham. Before reaching the front door, Mr. McCullough was held up at gunpoint by two masked men, one of whom was wielding a shotgun and later was identified as defendant. Defendant struck Mr. McCullough in the head with the butt of his gun and stole $1,700.00 in cash from his pants pocket.
Ms. Gorham heard the commotion outside and came to the front door, but Mr. McCullough told her not to open it. Defendant then kicked the door three or four times, breaking it open. While his accomplice trained a pistol at Ms. Gorham in the living room, defendant forced Mr. McCullough, also at gunpoint, into the back room. An altercation ensued, during which Mr. McCullough gained control of defendant's gun. Defendant and his accomplice ran out of the house and Mr. McCullough gave pursuit. Upon overtaking his assailant, Mr. McCullough struck defendant and wrestled him to the ground. A neighbor emerged from a nearby trailer and Mr. McCullough told her to call the police to report the robbery. Mr. McCullough detained defendant until the arrival of Clayton Miller, an investigator with the Beaufort County Sheriff's office.
Deputy Miller arrived to see Mr. McCullough standing about five feet away from defendant, who was lying on the ground. Defendant's mask was still on his head and his shotgun was recovered nearby. During the ensuing investigation, Miller found three shotgun shells on the ground and one shell in defendant's pocket. Further search of defendant's person revealed a single black glove, and Mr. McCullough testified that the matching glove had been left in the home. After questioning Mr. McCullough and Ms. Gorham concerning the incident, the responding officers placed defendant in custody. The case was heard during the 21 August 2006 Criminal Session of the Beaufort County Superior Court. Defendant was convicted of attempted robbery with a firearm and sentenced to a term of 117 to 150 months' imprisonment. He was sentenced to a consecutive term of 20 to 24 months' imprisonment for his conviction of possession of a firearm by a felon.

II.
In his first assignment of error, defendant argues that the trial court committed prejudicial error by permitting a witness to testify as to defendant's pretrial statement when that statement was not disclosed during discovery and the State could not claim surprise. We disagree.
"Determining whether the State failed to comply with discovery is a decision left to the sound discretion of the trial court."State v. Jackson, 340 N.C. 301, 317, 457 S.E.2d 862, 872 (1995) (citation omitted). A trial court's ruling on a discovery matter is reviewed for an abuse of discretion. State v. Shannon, 182 N.C. App. 350, 357, 642 S.E.2d 516, 522 (2007). "'The trial court may be reversed for an abuse of discretion in this regard only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.'" State v. Cook, 362 N.C. 285, 295, 661 S.E.2d 874, 880 (2008) (quotingState v. Carson, 320 N.C. 328, 336, 357 S.E.2d 662, 667 (1987)).
No right of discovery existed in criminal cases at common law. State v. Davis, 282 N.C. 107, 110, 191 S.E.2d 664, 666 (1972) (citation omitted). The rules governing discovery are instead statutorily defined. See N.C. Gen. Stat. § 15A-901, et seq. (2007). Concerning information subject to disclosure, N.C. Gen. Stat. § 15A-903 states in pertinent part: (a) Upon motion of the defendant, the court must order the State to:
(1) Make available to the defendant the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. The term "file" includes the defendant's statements . . . .
N.C. Gen. Stat. § 15A-903(a)(1) (2007). Furthermore, "once a party, or the State has provided discovery there is a continuing duty to provide discovery and disclosure." State v. Blankenship, 178 N.C. App. 351, 354, 631 S.E.2d 208, 210 (2006) (citation omitted). Following voluntary discovery or a court order, the State would violate the discovery rules by failing to disclose a statement when
(1) the law enforcement agency or prosecuting agency was aware of the statement or through due diligence should have been aware of it; and (2) while aware of the statement, the law enforcement agency or prosecuting agency should have reasonably known that the statement related to the charges against defendant yet failed to disclose it.
State v. Tuck, ___ N.C. App. ___, ___, 664 S.E.2d 27, 30 (2008). Because the State cannot be expected to disclose to defendant statements of which it is unaware, our Courts have held that surprise testimony is an exception to the requirement for the State to provide a statement of a defendant in discovery. See State v. Godwin, 336 N.C. 499, 507, 444 S.E.2d 206, 210 (1994).
Our review of the record reveals that, on 15 March 2005, defendant filed a request for voluntary discovery of, inter alia, "[a] written summary of any oral statement made by the defendant which the State intends to use as evidence at the trial." At trial, Ms. Gorham, a witness for the prosecution, sought to testify that defendant called her cell phone and threatened her, saying "[you] don't know who you're messin' with." Ms. Gorham further testified that she reported the threatening statement to the District Attorney's office in August or September of 2005. It is undisputed that this statement was never disclosed by the prosecution prior to trial. Defendant argues that the State possessed this statement on 29 November 2005 and withheld it despite certifying that it had provided the required discovery.
The State contends that this issue is not properly before this Court because defendant waived appellate review by failing to make a specific objection. A party seeking review must have made "a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1) (2008). "[A] general objection, if overruled, is ordinarily not effective on appeal." State v. Hamilton, 77 N.C. App. 506, 509, 335 S.E.2d 506, 508, disc. review denied, 315 N.C. 593, 341 S.E.2d 33 (1986) (citations omitted). Specificity is called for so that the appellate court is not called to "consider arguments based upon matters not presented to or adjudicated by the trial court." State v. Forte, 360 N.C. 427, 438, 629 S.E.2d 137, 145, cert. denied, 166 L. Ed. 2d 413 (2006) (quoting State v. Haselden, 357 N.C. 1, 10, 577 S.E.2d 594, 600, cert. denied, 540 U.S. 988, 157 L. Ed. 2d 382 (2003)). The record in the case at bar makes it difficult to ascertain what matters had been presented to or adjudicated by the trial court. An objection to the statement in question was made and defense counsel requested to be heard on the matter. Subsequently a bench conference was held out of the hearing of the jury and the court reporter after which the objection was overruled. Bench conferences between a trial judge and attorneys are not required to be recorded as they do not constitute "statements from the bench" pursuant to N.C. Gen. Stat. § 15A-1241 (2007).State v. Price, 170 N.C. App. 57, 67, 611 S.E.2d 891, 898 (2005) (citation omitted). The contents of this conference were thus documented only when the trial judge noted for the record "that at the bench we had a conference and [counsel for the State] said it was a surprise to him." The trial court's reliance on the prosecutor's claim of surprise when it overruled the objection is contextual evidence that the court understood the objection to be based on the State's discovery violation. We find the matter was properly preserved for appeal, as the specific grounds for the objection were apparent from the context of the objection. See N.C. R. App. P. 10(b)(1).
The State next argues that Ms. Gorham's testimony was not a statement made by defendant, and as such, not subject to discovery. This argument is without merit. Ms. Gorham introduced the statement when asked what defendant told her in a pretrial phone conversation. She did not adopt the statement as her own, but rather attributed the statement to defendant.
Having determined that the statement was that of defendant, we turn to the dispositive issue of whether the trial court abused its discretion when overruling the objection to the introduction of that statement. In doing so, we note that the "'discretionary rulings of the trial court will not be disturbed on the issue of failure to make discovery absent a showing of bad faith by the state in its noncompliance with the discovery requirements.'" State v. Nolen, 144 N.C. App. 172, 184, 550 S.E.2d 783, 790-91, (quoting State v. McClintick, 315 N.C. 649, 662, 340 S.E.2d 41, 49 (1986)), appeal dismissed, disc. review denied, 354 N.C. 368, 557 S.E.2d 531 (2001). There was no evidence of bad faith in the case at bar. Accordingly, we hold that this assignment of error is without merit.
Even assuming arguendo that the prosecution's failure to provide defendant with discovery materials was inappropriate, we nonetheless conclude that any resulting error was not prejudicial. Prejudicial error exists where "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial[.]" N.C. Gen. Stat. § 15A-1443(a) (2007). It is unreasonable, given the overwhelming amount of the evidence incriminating defendant, to expect the jury would have reached a different result if unaware of defendant's minimally inculpatory statement. The testimony of defendant's victims established that defendant took personal property from Mr. McCullough by the use of a shotgun. The testimony of the investigating officers and the introduction into evidence of the materials used in the robbery corroborated this story sufficiently to overcome defendant's theory that he had been the victim of attack.

III.
Defendant next argues that the trial court erred in its determination of his prior record level by assessing additional points for out-of-state convictions while neglecting to reach the legal conclusion that those convictions were substantially similar to North Carolina offenses warranting such point assessment. We agree and remand to the trial court for resentencing.
Normally, the State may satisfy the burden of proving, by a preponderance of the evidence, that a prior conviction exists by stipulation of the parties. See N.C. Gen. Stat. § 15A-1340.14(f) (2007). However, when a defendant has a prior out-of-state conviction, the trial court often must make a legal determination as to whether that conviction is substantially similar to an offense under North Carolina law for the purposes of sentencing. See N.C. Gen. Stat. § 15A-1340.14(e) (2007); State v. Hanton, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006). "When a defendant assigns error to the sentence imposed by the trial court, our standard of review is 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" State v. Deese, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)).
To determine the prior record level for felony sentencing of a defendant with out-of-state convictions, the court must reach a legal conclusion to overcome the presumption that a "conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony[.]" N.C. Gen. Stat. § 15A-1340.14(e). In order for an out-of-state felony conviction to be classified as higher than Class I for the purpose of assigning record level points, the State must prove by a preponderance of the evidence that the offense from another jurisdiction is "substantially similar" to an offense in North Carolina of the same class of felony. Id. "[W]hether an out-of-state offense is substantially similar to a North Carolina offense is a question of law that must be determined by the trial court[.]" Hanton, 175 N.C. App. at 254, 623 S.E.2d at 604.
"Stipulations as to questions of law are generally held invalid and ineffective and not binding upon the courts[.]" State v. Prush, 185 N.C. App. 472, 480, 648 S.E.2d 556, 561, disc. review denied, 362 N.C. 369, 663 S.E.2d 855 (2008)(quotingHanton, 175 N.C. App. at 253, 623 S.E.2d at 603). Accordingly, this Court has held that the parties in a criminal case cannot stipulate to the substantial similarity of an out-of-state conviction. State v. Palmateer, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 594 (2006).
In the case sub judice, the trial court's determination that defendant had a prior record level of IV was dependent upon the classification of a prior conviction in New York for first-degree robbery.[1] Because New York classifies this offense as a felony, the offense is presumptively classified as a Class I felony in North Carolina. See N.C. Gen. Stat. § 15A-1340.14(e); N.Y. Penal Law § 160.15 (McKinney 1999). However, the parties stipulated to this prior conviction as a class D felony. Even assuming the State had provided sufficient proof of each of defendant's prior out-of-state convictions, without elevating this classification, defendant would have been sentenced at level III and subject, at most, to the statutory maximum of 103 months in prison. See N.C. Gen. Stat. § 15A-1340.17(c)(2007). With the additional points assessed for this conviction, defendant was sentenced at level IV within the presumptive range of 117 to 150 months. The trial court erred by assessing the additional points for the out-of-state conviction without establishing that the underlying offense was substantially similar to a Class D felony offense in North Carolina. Because the stipulation to the classification of the New York felony did not excuse the trial court from its statutory obligation to hold the State to its burden of proof, defendant is entitled to a new sentencing hearing. Accordingly, we remand for resentencing.

IV.
In his third assignment of error, defendant argues that the trial court erred in its order of restitution when the amount of restitution was not supported by any evidence presented during trial or at the sentencing hearing. We agree.
When determining the appropriate amount of restitution owed for an offense resulting in the damage of property, the court must consider "the value of the property on the date of the damage, loss, or destruction[.]" N.C. Gen. Stat. § 15A-1340.35(a)(2)(b)(1) (2007). "[I]f the trial court decides to recommend restitution in a specific amount, then this amount must be supported by the evidence adduced at trial or sentencing." State v. Wilson, 340 N.C. 720, 726-27, 459 S.E.2d 192, 196 (1995). However, "'[w]hen . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.'" State v. Davis, 167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005) (quoting State v. Hunt, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986)) (affirming restitution award for $180.00 when evidence indicated that victim had between $120.00 and $240.00 stolen from her pocketbook).
In this case, the trial court ordered, "as a condition of work release or parole, restitution to Shana Gorham." The prosecutor submitted a restitution worksheet indicating the amount of restitution requested was $350.00.[2] This worksheet was an unsworn statement by a prosecutor and as such "does not constitute evidence and cannot support the amount of restitution recommended." State v. Buchanan, 108 N.C. App. 338, 341, 423 S.E.2d 819, 821 (1992). Though defendant did not contest the figure on the worksheet, this was not a stipulation to the restitution amount.See State v. Replogle, 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007). Thus, the only evidence as to the amount of restitution was the worksheet itself.
The State argues that this worksheet, coupled with the testimony establishing that defendant kicked in Ms. Gorham's front door supports the trial court's award of restitution. However, there is no evidence in the record indicating the extent of damage, if any, to Ms. Gorham's door. This Court has held that "there must be something more than a guess or conjecture as to an appropriate amount of restitution." State v. Daye, 78 N.C. App. 753, 758, 338 S.E.2d 557, 561, reh'g allowed, 318 N.C. 502, 349 S.E.2d 576 (1986). Without any additional evidence as to the property damage caused by defendant, we cannot affirm any specific amount of restitution. Therefore, we reverse on the issue of restitution and remand for resentencing so that the trial court can determine the proper amount of restitution.
No error in part; reversed in part and remanded.
Judges McGEE and STROUD concur.
Report per Rule 30(e).
NOTES
[1] Defendant was assessed two points for a prior conviction of a class H felony in North Carolina. Had this been defendant's only prior conviction, he would be a Level II for sentencing. See N.C. Gen. Stat. § 15A-1340.14(b). Under the presumptions dictated in N.C. Gen. Stat. § 15A-1340.14(e), his additional convictions for two out-of-state felonies and one out-of-state misdemeanor would add five points, rendering defendant a Level III for sentencing. See N.C. Gen. Stat. § 15A-1340.14(c). By classifying the out-of-state robbery conviction as a Class D felony, defendant was assessed six, rather than the presumptive two, points for this offense, elevating his point total to within the range which triggers level IV sentencing. See N.C. Gen. Stat. § 15A-1340.14(b).
[2] There was no indication on the worksheet as to what loss this amount of restitution was intended to remedy, but as Mr. McCullough's money was returned, we assume arguendo that this was presented as the cost necessary to repair the door to the mobile home that was broken by defendant.