STATE OF NORTH CAROLINA v. ROBERT SCOTT BLANKENSHIP

No. COA05-1373

(Filed 5 July 2006)

**Discovery— SBI agent on methamphetamine production—not listed as expert**

Defendant was granted a new trial on charges of possessing precursor chemicals where an SBI agent purportedly testified as a lay witness, but in fact was more qualified than the jury and testified as an expert witness, even though the State had not listed any experts in its response to defendant's discovery request. N.C.G.S. § 15A-903(a)(2).

Appeal by defendant from judgment entered 11 May 2005 by Judge Dennis Winner in Rutherford County Superior Court. Heard in the Court of Appeals 19 April 2006.

STATE v. BLANKENSHIP

[178 N.C. App. 351 (2006)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David D. Lennon, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

JACKSON, Judge.

On 12 January 2004, detective Chris Lovelace ("Lovelace") of the Forest City Police Department responded to a disturbance call at a grocery store in Forest City. There he observed Robert Scott Blankenship ("defendant") and two individuals arguing near a white pickup truck in the store's parking lot. As the officer approached the individuals, defendant and another man attempted to leave in the truck. Lovelace asked the men to stop, which they did, and he questioned the individuals about what had occurred. During his questioning of the individuals, Lovelace learned the truck belonged to defendant. Lovelace asked for permission to search the truck. Defendant consented, allowing Lovelace and another officer to conduct a search of his truck. In the bed of defendant's truck, the officers found four boxes of matches, six bottles of hydrogen peroxide, one bottle of rubbing alcohol, one box of Sudafed, and three bottles of iodine. Lovelace seized the items and arrested defendant for possession of precursor chemicals.

Defendant filed a Request for Voluntary Discovery on 11 March 2005, specifically requesting that the State voluntarily comply with defendant's request for discovery by

   2. Giving notice to the defendant of any expert witnesses that the State reasonably expects to call as a witness at trial, as well as furnishing to the defendant a report of the results of any examinations or tests conducted by the expert. In addition, the defendant requests the expert's curriculum vitae, the expert's opinion, and the underlying basis for that opinion. Further, the defendant requests the State give the notice and furnish the materials required by North Carolina General Statutes Section [15A-]903(a)(2) within a reasonable time prior to the trial or as specified by the court.

During defendant's trial on 9 May 2005, the State proffered testimony by State Bureau of Investigation Special Agent Kenneth Razzo ("Agent Razzo") as to the manufacturing process of methamphetamine and the ingredients used. Defendant objected to the testi-

**STATE v. BLANKENSHIP**

[178 N.C. App. 351 (2006)]

mony, arguing the State had failed to comply with defendant's discovery request pursuant to North Carolina General Statutes, section 15A-903(a)(2) and Agent Razzo's testimony should be excluded. The trial court permitted Agent Razzo to testify, and the jury subsequently found defendant guilty of possessing immediate precursor chemicals on 10 May 2005. Defendant, who was sentenced to a term of six to eight months imprisonment with the North Carolina Department of Correction, appeals from his conviction.

We note that defendant presents arguments in his brief for only one of his six assignments of error and, thus, the assignments of error for which he fails to present arguments are deemed abandoned. N.C. R. App. P. 28(b)(6) (2005).

In his sole argument on appeal, defendant contends the trial court erred when it permitted Agent Razzo to testify, and found that the State had not violated the discovery procedures provided by North Carolina General Statutes, section 15A-903. Defendant argues Agent Razzo's testimony constituted expert testimony, in which he stated his opinion, and that the State violated section 15A-903(a)(2) in failing to provide defendant with notice that it intended to call the expert witness, and in failing to provide defendant with required information and documentation concerning the expert witness, as required by our discovery statutes.

North Carolina General Statutes, section 15A-902(a) (2004) provides that a defendant may seek discovery from the State by requesting in writing, that the State comply voluntarily with defendant's discovery request. Once the State provides discovery to a defendant in response to a request for voluntary discovery, "the discovery is deemed to have been made under an order of the court." N.C. Gen. Stat. § 15A-902(b) (2004). In addition, once the State voluntarily provides discovery pursuant to section 15A-902(a), the discovery provided to defendant "shall be to the same extent as required by subsection (a)" of section 15A-903. N.C. Gen. Stat. § 15A-903(b) (2004). Section 15A-903 details specific items of discovery which the State must provide to a defendant, including,

> *Give notice to the defendant of any expert witnesses that the State reasonably expects to call as a witness at trial.* Each such witness shall prepare, and the State shall furnish to the defendant, a report of the results of any examinations or tests conducted by the expert. The State shall also furnish to the defendant the expert's curriculum vitae, the expert's opinion, and the underly-

·   ing basis for that opinion. *The State shall give the notice and furnish the materials required by this subsection within a reasonable time prior to trial*, as specified by the court.

N.C. Gen. Stat. § 15A-903(a)(2) (2004) (emphasis added). Also, once a party, or the State has provided discovery there is a continuing duty to provide discovery and disclosure. N.C. Gen. Stat. § 15A-907 (2004).

On 11 March 2005, defendant filed a Request for Voluntary Discovery, specifically requesting, as required by section 15A-903(a)(2), that the State provide defendant with notice of any expert witnesses which the State reasonably expected to call as a witness. In a letter dated 1 December 2004, but marked as received on 18 March 2005, the State responded to defendant's Request for Voluntary Discovery by providing defendant with twenty-five pages of discovery materials. The discovery materials included the State's investigative materials for defendant's case, but did not list any expert witnesses the State intended to call. Pursuant to section 15A-903(b), once the State voluntarily responded to defendant's request for discovery, the State was then required to comply with the discovery requirements found in section 15A-903(a). These requirements include the State's duty to provide notice to defendant of any expert witnesses which the State reasonably expected to call to testify at defendant's trial.

" 'The purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate.' " *State v. Patterson*, 335 N.C. 437, 455, 439 S.E.2d 578, 589 (1994) (quoting *State v. Payne*, 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990), *cert. denied*, 498 U.S. 1092, 112 L. Ed. 2d 1062 (1991)). In the instant case, the State provided defendant with discovery consisting of the State's investigative materials, but did not provide defendant with names of any expert witnesses that the State planned to call as witnesses at defendant's trial. Thus, defendant was not placed on notice that the State intended to call Agent Razzo or any expert witness to testify.

Generally, our State's caselaw provides that in order to qualify as an expert witness, the witness need only be better qualified than the jury as to the subject at hand, such that the witness' testimony would be helpful to the jury. *State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992), *disc. review denied*, 333 N.C. 347, 426 S.E.2d 710 (1993). The determination of whether a witness' testimony constitutes expert testimony is one within the trial court's discretion, and

will not be reversed on appeal absent an abuse of discretion. *State v. Morgan*, 359 N.C. 131, 160, 604 S.E.2d 886, 904 (2004), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 79 (2005).

In the instant case, the State informed the trial court that it intended to call Agent Razzo to testify. Defendant immediately objected, citing that the State had not complied with discovery procedures pursuant to section 15A-903(a)(2). Defense counsel argued that Agent Razzo would be testifying as an expert, and that his testimony concerning the manufacturing process of methamphetamine would constitute expert testimony, of which defendant had not been provided proper prior notice and discovery. Defense counsel argued that the State had failed to provide defendant not only with notice of the expert witness, but also with the expert witness' curriculum vitae, opinion, underlying basis for his opinion, and any reports or examinations he may have conducted to arrive at his opinion. In response to defendant's objection, the State informed the trial court that it did not know who would be testifying on this issue until that morning, and that as soon as it had known that Agent Razzo would be providing testimony, the State informed defendant and told defendant what the substance of Agent Razzo's testimony would be. The Prosecutor went on to explain that there was a specific woman that he thought was going to testify, but that it fell through, and he was unsure whether someone from that area of the State would be testifying or whether someone would be coming from Raleigh. The trial court stated that since Agent Razzo would not be giving his opinion as to the specific facts of defendant's case, and he had not performed any tests or examinations on any of the evidence in the case, he would be permitted to testify as a fact witness.

Upon calling Agent Razzo to the stand, the State immediately proceeded with questioning him regarding his education, training and experience. Agent Razzo testified regarding his experience in narcotics investigations, his training in the field of manufacturing methamphetamine, and his extensive training in clandestine laboratory investigation. The State then attempted to tender Agent Razzo as an expert witness in the area of manufacturing methamphetamine, to which defendant objected. The trial court reminded the State that it told the court that it was only calling Agent Razzo as a fact witness, and that he would not be providing any opinion testimony. The trial court then permitted Agent Razzo to testify, over the objection of defendant, concerning the manufacturing process of methamphetamine.

Although the trial court permitted Agent Razzo to testify as a so-called lay witness, we hold that he in fact qualified as, and testified as, an expert witness. The jury was permitted to hear testimony about his extensive training and experience in the process of manufacturing methamphetamine and clandestine laboratory investigations, along with his specialized knowledge of the manufacturing process of methamphetamine. Also, the State specifically tendered Agent Razzo as an expert witness, and the trial court failed to take any action to remedy the State's attempt to tender Agent Razzo as an expert. We hold that based on the presentation of evidence concerning Agent Razzo's extensive training and experience, he was "better qualified than the jury as to the subject at hand," and he testified as an expert witness. *Davis*, 106 N.C. App. at 601, 418 S.E.2d at 267.

Thus, as the State was required to comply with the discovery procedures in section 15A-903(a)(2), and as Agent Razzo was an expert witness who testified at defendant's trial, defendant was entitled to prior notice that the State intended to call this expert as a witness during his trial. Although the State may not have known the specific witness it would be calling, it did know, prior to the morning of defendant's trial, that it would be calling someone from the State Bureau of Investigation to testify concerning the process of manufacturing methamphetamine. The State also acknowledged that it had a specific person that it thought would be providing testimony; however the State failed to provide defendant with any information concerning this possible witness or any other potential law enforcement officers who would be testifying on this issue. The State failed to provide any notice whatsoever to defendant that it would be calling any law enforcement officer or expert to testify concerning the process of manufacturing methamphetamine.

Therefore, as Agent Razzo testified as an expert witness, we hold the trial court abused its discretion in permitting him to testify, and we hold the trial court erred in finding that the State was not required to comply with the discovery requirements pursuant to section 15A-903. As defendant was not provided sufficient notice that the State would be presenting any expert witnesses to testify concerning the process of manufacturing methamphetamine, we hold defendant was prejudiced by the State's failure to comply with our state's discovery statutes. Defendant is therefore entitled to a new trial.

New trial.

Judges TYSON and GEER concur.