STATE OF NORTH CAROLINA v. JOHNNIE HAL MONCREE, JR.

No. COA07-159

(Filed 15 January 2008)

**1. Discovery— expert testimony regarding substance in defendant's shoe—harmless error**

The trial court committed harmless error in a double misdemeanor possession of up to one-half ounce of marijuana, possession of drug paraphernalia, and possession of a controlled substance on the premises of a local confinement facility case by allowing the State to introduce expert testimony by an SBI agent regarding the substance in defendant's shoe in violation of discovery requirements under N.C.G.S. § 15A-903(a)(2), because: (1) althought the trial court determined the agent would not be testifying as an expert concerning the substance found in the

shoe, the agent's testimony at trial regarding his education, training, and experience in forensic analysis revealed the agent was testifying as an expert witness; (2) defendant was not prejudiced by the expert testimony since two officers testified that based upon their training and experience, they believed marijuana was the substance found in defendant's shoe; and (3) defendant should have anticipated this evidence and should not have been unfairly surprised by the agent's testimony since he was charged with one count of possession of a controlled substance on the premises of a local confinement facility, and he knew the two officers would testify about the substance found in his shoe at the sheriff's department.

2. **Drugs— possession of controlled substance on premises of local confinement facility—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of a controlled substance on the premises of a local confinement facility because: (1) contrary to defendant's assertion, the Court of Appeals has never concluded the State must prove the offense occurred in an area accessible only to officers and their detainees in order for the area to be determined a local confinement facility under N.C.G.S. § 90-95(e)(9); and (2) after defendant was taken before a magistrate, he was taken to the sheriff's department, a local confinement facility, as standard procedure to be processed since he was given a secured bond.

3. **Drugs— multiple counts of possession of marijuana— simultaneous possession and same purpose**

The Court of Appeals determined ex mero motu that the trial court erred by denying defendant's motions to dismiss and entering judgments against him for three counts of possession of marijuana including misdemeanor possession of up to one-half ounce of marijuana found in an officer's automobile, misdemeanor possession of up to one-half ounce of marijuana found in his shoe, and felony possession of marijuana on the premises of a local confinement facility, and defendant's convictions of the lesser two offenses should be arrested, because: (1) all three counts arose from one continuous act of possession; (2) in regard to the misdemeanor possession charges, there was no evidence that defendant possessed the marijuana for two distinct purposes, and defendant possessed both the marijuana in the automobile and in

his shoe simultaneously; (3) the State presented no evidence showing defendant came into possession of the marijuana in his shoe after he was arrested; and (4) an officer testified that both amounts of marijuana in the automobile and the shoe would have been discovered at the scene had an adequate search of defendant been conducted.

## 4. Sentencing— habitual felon status—facially defective indictment—stipulation

The trial court lacked subject matter jurisdiction to accept and enter defendant's plea to attaining habitual felon status based on a facially defective indictment, and the case is remanded for resentencing based on this issue, because: (1) the indictment failed to set forth three predicate felony offenses as required by N.C.G.S. § 14-7.1 since defendant's conviction in New Jersey was considered a high misdemeanor and not a felony; (2) defendant did not waive his right to appeal since the issue he raised, that the indictment failed to include each of the elements specified in § 14-7.3, is jurisdictional and may be raised at any time; and (3) defense counsel's stipulation to the three convictions set out in the habitual felon indictment, even though the New Jersey conviction was not a felony, has no bearing on whether the indictment was valid since generally parties may not stipulate as to what the law is.

Appeal by defendant from judgment entered 13 September 2006 by Judge James Hardin, Jr. in Gaston County Superior Court. Heard in the Court of Appeals 12 September 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa G. Corbett, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.*

CALABRIA, Judge.

Johnnie Hal Moncree, Jr. ("defendant") appeals from judgment entered upon a jury verdict finding him guilty of two misdemeanor counts of possession of up to one-half ounce of marijuana, one count of possession of drug paraphernalia, and one count of possession of a controlled substance on the premises of a local confinement facility. We remand for resentencing.

**STATE v. MONCREE**

[188 N.C. App. 221 (2008)]

At approximately 12:51 a.m. on 13 August 2004, Officer Brent Roberts ("Officer Roberts") of the Gaston County Police Department stopped defendant when he noticed defendant's automobile had a broken taillight. As Officer Roberts approached defendant's automobile, he noticed defendant moved his arm towards Tisha Mote ("Tisha"), the passenger in the automobile. It appeared Tisha fumbled around her waistband after defendant handed an object to her. When Officer Roberts stood beside defendant's automobile and asked defendant for his driver's license, he noticed a strong odor of marijuana coming from inside the automobile. Officer Roberts asked defendant to step outside the automobile. Subsequently, defendant consented to a search of his automobile.

After defendant consented to the search, Officer Roberts proceeded to pat down defendant for weapons and told Tisha to step out of the automobile. As Tisha stepped out of the automobile, Officer Roberts noticed a marijuana joint and a chunk of marijuana in the front passenger seat where Tisha had been seated. Officer Roberts subsequently restrained both defendant and Tisha with handcuffs and placed them in the back of his patrol car while he searched the automobile. He also called Officer Avery for assistance. During the automobile search, Officer Roberts found an open container of beer but did not find any other marijuana.

When Officer Roberts finished the search, he walked back to his patrol car and issued citations to defendant and Tisha for possession of marijuana. After handing them the citations, Officer Roberts told them they were free to leave. As defendant and Tisha walked back to the automobile, Officer Roberts performed a routine check of the backseat of his patrol car and found a "large bag of an off white substance." He believed the substance could be either cocaine or methamphetamine. After finding the white substance, the officers restrained defendant and Tisha with handcuffs, and transported them to the Gaston County Sheriff's Department. At the Sheriff's Department, Deputy Kevin Lail ("Deputy Lail") instructed defendant to take off his shoes and socks. As defendant removed his left shoe, Deputy Lail noticed a bag containing a green leafy substance that appeared to be marijuana.

Officer Roberts sent the white substance he found in the backseat of his patrol car and the other substance he discovered in the front passenger seat of defendant's automobile to the SBI for chemical analysis. The material discovered in defendant's shoe was never sent to the SBI for testing or subjected to any chemical analysis.

During trial, an SBI agent, Jay Pintacuda ("Agent Pintacuda"), testified the substance found in defendant's automobile was marijuana and the substance found in the backseat of Officer Roberts' patrol car was cocaine. Agent Pintacuda also testified about the substance in defendant's shoe. Over defendant's objection, the trial court allowed Agent Pintacuda to testify that in his opinion, the substance found in defendant's shoe was marijuana.

Following his trial in Gaston County Superior Court, the jury returned a verdict finding defendant guilty of two misdemeanor counts of possession of up to one-half ounce of marijuana, one count of possession of drug paraphernalia, and one count of possession of a controlled substance on the premises of a local confinement facility. Defendant pled guilty to attaining habitual felon status. Pursuant to the plea agreement, Judge James Hardin, Jr. sentenced defendant to a minimum term of 70 months to a maximum of 93 months in the North Carolina Department of Correction. From that judgment, defendant appeals.

I. Discovery Violation

**[1]** On appeal, defendant first argues the trial court erred by allowing the State to introduce expert testimony in violation of discovery requirements pursuant to N.C. Gen. Stat. § 15A-903(a)(2) (2006). We agree that the State violated the discovery statutes and the trial court erred in admitting the testimony. However, we find the error harmless.

N.C. Gen. Stat. § 15A-903 states in pertinent part:

(a) Upon motion of the defendant, the court must order the State to:

. . . .

(2) Give notice to the defendant of any expert witnesses that the State reasonably expects to call as a witness at trial. Each such witness shall prepare, and the State shall furnish to the defendant, a report of the results of any examinations or tests conducted by the expert. The State shall also furnish to the defendant the expert's curriculum vitae, the expert's opinion, and the underlying basis for that opinion. The State shall give the notice and furnish the materials required by this subsection within a reasonable time prior to trial, as specified by the court.

N.C. Gen. Stat. § 15A-903(a)(2).

"Also, once a party, or the State has provided discovery there is a continuing duty to provide discovery and disclosure." *State v. Blankenship*, 178 N.C. App. 351, 354, 631 S.E.2d 208, 210 (2006) (citing N.C. Gen. Stat. § 15A-907 (2004)).

In the instant case, prior to trial, the State notified defendant of its intention to introduce any SBI lab reports prepared in the case. At trial, Agent Pintacuda, an SBI agent testified that in his opinion the substance found in defendant's left shoe was marijuana although the substance was never sent to the SBI lab and no test results existed regarding its chemical composition. Defendant objected to Agent Pintacuda's testimony regarding the substance found in defendant's shoe. Defendant argued the State failed to notify defendant, as required pursuant to N.C. Gen. Stat. § 15A-903(a)(2), that expert testimony would be offered as to the identity of the substance found in defendant's shoe.

The trial court determined the State had complied with discovery requirements because Agent Pintacuda would not be testifying as an expert concerning the substance found in defendant's shoe. In making this determination, the trial court said there was case law allowing "a lay witness to testify and render an opinion regarding the nature of [a] substance." The trial court reasoned that marijuana has unique characteristics and Agent Pintacuda would testify to the substance found in defendant's shoe as a lay witness and not an expert witness.

This Court has held "that in order to qualify as an expert witness, the witness need only be better qualified than the jury as to the subject at hand, such that the witness' testimony would be helpful to the jury." *Blankenship*, 178 N.C. App. at 354, 631 S.E.2d at 211. Here, upon calling Agent Pintacuda to the stand, the State immediately questioned him regarding his education, training, and experience. Agent Pintacuda testified regarding his experience in forensic analysis, his employment at various sheriff's departments, and his extensive training in analyzing physical evidence. Clearly, Agent Pintacuda was "better qualified than the jury" in determining if marijuana was the substance found in defendant's shoe. However, Agent Pintacuda's extensive education and training in forensic analysis makes it difficult to imagine how he was able to separate his education, training, and experience while working for the SBI to determine the substance found in defendant's shoe was marijuana based solely on his lay opinion. Therefore, Agent Pintacuda testified as an expert witness con-

cerning the substance found in defendant's shoe and the State did not properly comply with the discovery requirements pursuant to N.C. Gen. Stat. § 15A-902(a)(2).

Although the trial court erred in admitting the testimony, we find defendant was not prejudiced. "[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence *he cannot anticipate*." *State v. Payne*, 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990) (emphasis supplied). In *State v. Patterson*, 335 N.C. 437, 454, 439 S.E.2d 578, 588 (1994), our Supreme Court held the State failed to comply with the discovery statutes by not disclosing some of the statements defendant made while responding to police questioning that were later introduced as evidence at trial. However, the trial court's error in admitting the testimony was harmless error. The Court pointed out that defendant could not have been unfairly surprised by the same testimony defendant had elicited himself from another witness. *Id.*, 335 N.C. at 455-56, 439 S.E.2d at 589.

In the instant case, both Officer Roberts and Deputy Lail testified that based upon their training and experience, they believed marijuana was the substance found in defendant's shoe. Moreover, Deputy Lail testifed, "[w]hen I had taken it out of [defendant's] shoe he had asked me if I would just throw it away and not to charge him with it." Additionally, the baggie containing the substance found in defendant's shoe was passed around to the jury, and they had the opportunity to see the substance first hand. Because defendant was charged with one count of possession of a controlled substance on the premises of a local confinement facility, defendant knew both Officer Roberts and Deputy Lail would testify about the substance found in defendant's shoe at the Gaston County Sheriff's Department. Therefore, defendant should have anticipated this evidence and should not have been unfairly surprised by Agent Pintacuda's testimony regarding the substance found in defendant's shoe. We overrule this assignment of error.

Although we determine defendant was not prejudiced, we note the State should comply with statutory discovery requirements. District attorneys are elected public officials, and therefore North Carolina citizens trust the people who serve as district attorneys. Failure of district attorneys to follow statutory discovery requirements erodes the public's trust not only in district attorneys, but in any public official.

II. Possession of a controlled substance on the premises of a local confinement facility

[2] Defendant next contends the trial court erred by denying his motion to dismiss the charge of possession of a controlled substance on the premises of a local confinement facility because the State failed to prove defendant was on the premises of a local confinement facility. We disagree.

N.C. Gen. Stat. § 90-95(e)(9) (2006) provides that "[a]ny person who [possesses a controlled substance] on the premises of a penal institution or local confinement facility shall be guilty of a Class H felony." N.C. Gen. Stat. § 153A-217 (2006) defines "local confinement facility" as including "a county or city jail, a local lockup, a regional or district jail, a juvenile detention facility, a detention facility for adults operated by a local government, and any other facility operated by a local government for confinement of persons awaiting trial or serving sentences[.]"

Defendant contends there is an additional element the State must prove in order for defendant to be found guilty of possession of a controlled substance on the premises of a local confinement facility. Defendant argues the State did not meet its burden of proving that defendant was in a secured area accessible only to officers and their detainees and therefore, "on the premises of a local confinement facility." Defendant relies on this Court's holding in *State v. Dent*, 174 N.C. App. 459, 621 S.E.2d 274 (2005). However, defendant's reliance on *State v. Dent* is misplaced.

In *Dent*, defendant was found to be in possession of marijuana in a search room near the lobby of the magistrate's office at the Forsyth County Law Enforcement and Detention Center. *Id.*, 174 N.C. App. at 461, 621 S.E.2d at 276. The issue in *Dent* was whether defendant was on the premises of a "local confinement facility." This Court determined "[t]he legislative intent in making possession of a controlled substance on the premises of a local confinement facility felonious is clear: to deter and prevent drug possession among those individuals present at local confinement facilities." *Id.*, 174 N.C. App. at 467, 621 S.E.2d at 280. In concluding a search room near the lobby of a magistrate's office is a "local confinement facility," this Court looked at numerous factors. *Id.* One of the factors was "law enforcement officers must first proceed through a locked vehicle gate and then check their weapons and identify themselves via an intercom system." *Id.* Other factors were only law enforcement officers were allowed to

enter the area and the room in which defendant was searched was a "secured room where law enforcement officers detain and search those individuals who are to be taken before the magistrate." *Id.* While the *Dent* Court analyzed these factors to determine whether the search room was a "local confinement facility," the Court never said the State must prove that the offense occurred in an area accessible only to officers and their detainees in order for the area to be determined a "local confinement facility" pursuant to N.C. Gen. Stat. § 90-95(e)(9).

Furthermore, the *Dent* Court stated:

By including the term 'on the premises of' in its description of the restricted area, the legislature plainly intended that N.C. Gen. Stat. § 90-95(e)(9) should extend beyond the bounds of the 'lockup' area of a local confinement facility, including to those secured areas in which arrestees are temporarily detained for *search, booking, and other purposes.*

*Id.*, 174 N.C. App. at 467-68, 621 S.E.2d at 280 (emphasis supplied). In the instant case, defendant was taken to the Gaston County Sheriff's Department. Deputy Lail testified, "Officer Roberts with the county police had brought him in on some charges. He had been taken in front of the magistrate and then brought to us as standard procedure for us to book him in to process him because he was given a secured bond." Thus, defendant was "on the premises of a local confinement facility" within the plain meaning of N.C. Gen. Stat. § 90-95(e)(9). We find no error and this assignment of error is overruled.

III. Three counts of possession of marijuana

[3] Defendant next argues the trial court erred by denying defendant's motions to dismiss and entering judgment against him for three counts of possession of marijuana. We agree.

Defendant was charged with and convicted of three counts of possession of marijuana. He was convicted of one count of misdemeanor possession of up to one-half ounce of marijuana for the marijuana Officer Roberts found in his automobile, one count of misdemeanor possession of up to one-half ounce of marijuana found in his shoe, and one count of felony possession of marijuana on the premises of a local confinement facility in violation of N.C. Gen. Stat. § 90-95(e)(9).

Defendant argues the trial court erred by denying defendant's motions to dismiss and entering judgment against him for three

counts of possession of marijuana when the State's evidence demonstrated that all three counts arose from one continuous act of possession. However, the State concedes defendant's conviction for the lesser of the two offenses of simple possession of marijuana found on the premises of the Gaston County Sheriff's Department should be arrested.

We first note that defendant did not properly preserve this argument for appellate review pursuant to N.C.R. App. P. 10(b)(1). At the close of the State's evidence, defendant made motions to dismiss the charges of maintaining a vehicle that was used for keeping a controlled substance, possession with intent to sell or deliver a controlled substance, and possession of a controlled substance on the premises of a local confinement facility. However, defense counsel told the trial court, "Your Honor, the other charges, misdemeanor possession and drug paraphernalia, I don't care to be heard on those." After the trial court denied defendant's motions, defendant renewed these motions at the close of all the evidence. At the close of all the evidence, defense counsel told the trial court, "Your Honor, I would renew my motions on motions to dismiss, especially on maintaining a vehicle to keep a controlled substance." Thus, defendant did not properly preserve this issue for appellate review. Notwithstanding this fact, this Court addressed this same issue *ex mero motu* in *State v. Alston*, 111 N.C. App. 416, 432 S.E.2d 385 (1993).

In *Alston*, the defendant was charged in separate indictments for the sale of cocaine on school property, felonious possession of cocaine, possession of cocaine with intent to sell and deliver, and sale of cocaine. *Id.*, 111 N.C. App. at 421, 432 S.E.2d at 388. The trial court submitted separate verdicts for sale of cocaine and sale of cocaine within 300 feet of school property, and this Court, *ex mero moto*, said this was error and arrested defendant's conviction for the sale of cocaine. *Id.* In determining the separate verdicts were error, this Court held, "[t]he sale on school property constituted an aggravated sale pursuant to G.S. § 90-95(e)(8). Since that was the only sale made, defendant could be punished for but one sale." *Id.*

In the instant case, the trial court submitted separate verdicts for one count of misdemeanor possession of marijuana found in defendant's shoe at the sheriff's department and one count of felony possession of marijuana on the premises of a local confinement facility. This was error. As in *Alston*, defendant's conviction for the lesser of the two offenses should be arrested.

Therefore, the next issue is whether defendant should have been charged with one count of misdemeanor possession of up to one-half ounce of marijuana for the marijuana Officer Roberts found in defendant's automobile. As stated earlier, defendant did not properly preserve this issue for appellate review since he did not make a motion to dismiss at the close of all the evidence pertaining to the marijuana found in defendant's automobile. However, because we agree with defendant that two of the three marijuana charges should be vacated, we address this issue pursuant to N.C.R. App. P. 2.

In order for the State to obtain multiple convictions for possession of a controlled substance, the State must show distinct acts of possession separated in time and space. *State v. Rozier*, 69 N.C. App. 38, 316 S.E.2d 893 (1984). In *Rozier*, this Court upheld the defendants' conviction for felonious possession of cocaine and misdemeanor possession of small amounts of cocaine. *Id.*, 69 N.C. App. at 55, 316 S.E.2d at 904. In affirming both possession convictions for possession of the same controlled substance, this Court reasoned defendants possessed the different cocaine quantities for two distinct purposes. *Id.*

However, in *State v. Smith*, 99 N.C. App. 67, 392 S.E.2d 642 (1990), this Court determined defendants' possession of separate caches of cocaine discovered on the same day in different locations within defendants' residence would support only one possession conviction. In *Smith*, officers searched defendants' residence and found .22 grams of cocaine in a plastic bottle on top of a dresser and 2.1 grams of cocaine in seventeen baggies hidden nearby between the bed and wall. *Id.*, 99 N.C. App. at 74, 392 S.E.2d at 646-47. Defendants were convicted of one count of felony possession of cocaine. *Id.*, 99 N.C. App. at 69, 392 S.E.2d at 644. On appeal, defendants argued that the trial court erred by failing to instruct the jury on the lesser-included offense of misdemeanor possession of cocaine. *Id.*, 99 N.C. App. at 74, 392 S.E.2d at 646. Although defendants failed to properly preserve the issue for appellate review, this Court noted that if the issue had been preserved, it would have overruled defendants' arguments. *Id.* The Court agreed with the State's argument that if possession of multiple caches of the same drug must be considered separate possessions, then "drug dealers could simply divide cocaine into packages containing less than one gram each to avoid being prosecuted for a felony." *Id.*, 99 N.C. App. at 74, 392 S.E.2d at 647.

In the instant case, officers found two amounts of the same drug on the same day in different places. First, Officer Roberts found mar-

ijuana in defendant's automobile. Second, after defendant was arrested and taken to the Gaston County Sheriff's Department, Deputy Lail found marijuana in defendant's shoe. Furthermore, unlike *Rozier*, there was no evidence that defendant possessed the marijuana "for two distinct purposes." *Rozier*, 69 N.C. App. at 55, 316 S.E.2d at 904.

Moreover, defendant possessed both the marijuana in the automobile and the marijuana in his shoe simultaneously. The State presented no evidence showing defendant came into possession of the marijuana in his shoe after he was arrested. Furthermore, Officer Roberts testified that both amounts of marijuana would have been discovered at the scene had an adequate search of defendant been conducted. "Obviously, if all the cocaine had been found on defendants' persons at the same time, only one offense could be charged." *Id.* Therefore, because defendant possessed both amounts of marijuana simultaneously and for the same purpose, we hold that defendant should have been charged with only the one count of felony possession of marijuana. Therefore, defendant's conviction for two counts of misdemeanor possession of marijuana should be vacated.

IV. Habitual felon status

**[4]** Defendant next argues that the trial court erred by accepting and entering defendant's plea to attaining habitual felon status because the court lacked subject matter jurisdiction as the indictment alleging defendant's habitual felon status was facially defective. Defendant contends his prior New Jersey conviction was not a felony within the meaning of the North Carolina Habitual Felons Act and that the State did not show defendant's New Jersey conviction was a felony under the law of New Jersey. We agree and remand for resentencing.

"[W]hen an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indictment may be challenged at any time." *State v. McGee*, 175 N.C. App. 586, 587-88, 623 S.E.2d 782, 784 (2006) (citation omitted), *disc. review denied and appeal dismissed*, 360 N.C. 542, 634 S.E.2d 891 (2006). "Our Supreme Court has stated that an indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense." *State v. Bartley*, 156 N.C. App. 490, 499, 577 S.E.2d 319, 324 (2003) (citation omitted). In the instant case, defendant argues the indictment failed to allege the essential elements for attaining habitual felon status; therefore, the issue is properly before this Court.

Pursuant to N.C. Gen. Stat. § 14-7.1, an habitual felon is defined as, "[a]ny person who has been convicted of or pled guilty to *three felony offenses* in any federal court or state court in the United States or combination thereof . . . ." N.C. Gen. Stat. § 14-7.1 (2006) (emphasis supplied). The statute defines a felony offense as "an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned regardless of the sentence actually imposed." *Id.*

N.C. Gen. Stat. § 14-7.3 specifies what an habitual felon indictment must allege:

An indictment which charges a person with being an habitual felon must set forth the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein said pleas or convictions took place.

N.C. Gen. Stat. § 14-7.3 (2006).

In the instant case, the indictment lists three predicate felony offenses, one of which occurred in New Jersey. However, under the laws of New Jersey, defendant's conviction in New Jersey was considered a high misdemeanor, not a felony. Thus, the habitual felon indictment did not set forth three predicate felony offenses as required pursuant to N.C. Gen. Stat. § 14-7.1, and defendant did not attain habitual felon status. Because defendant did not attain habitual felon status, the indictment did not set forth the necessary requirements specified in N.C. Gen. Stat. § 14-7.3, and the indictment failed to confer jurisdiction upon the trial court.

The State's reliance on *State v. McGee*, 175 N.C. App. at 586, 623 S.E.2d at 782, is misplaced. In *McGee*, defendant argued his habitual felon indictment lacked sufficient information regarding the court and case file number for one of the predicate felonies. *Id.*, 175 N.C. App. at 587, 623 S.E.2d at 784. This Court held because defendant did "not dispute that the indictment included each of the elements specified in the [habitual felon] statute, defendant did not raise the issue at trial, and thus waived his right to appeal this issue." *Id.*, 175 N.C. App. at 588, 623 S.E.2d at 784. However, in the instant case, defendant argues the indictment failed to allege the essential elements of habitual felon status as required under N.C. Gen. Stat. § 14-7.3. Because defendant argues the indictment failed to include each of the

elements specified in N.C. Gen. Stat. § 14-7.3, the issue is jurisdictional and may be raised at any time. *McGee*, 175 N.C. App. at 587-88, 623 S.E.2d at 784. Unlike the defendant in *McGee*, defendant here did not waive his right to appeal this jurisdictional issue by not raising this issue at trial.

Lastly, we note that defense counsel stipulated to the three convictions set out in the habitual felon indictment. The State argues that because defense counsel stipulated to the three convictions set out in the indictment, the defendant effectively waived his right to appeal this issue. In making this argument, the State relies on *McGee* where this Court noted that "defendant's counsel stipulated to the convictions set out in the indictment, resulting in no fatal variance." *Id.*, 175 N.C. App. at 588, 623 S.E.2d at 784.

However, in the instant case, defense counsel stipulated to three predicate felonies, one of which was not a felony under the laws of New Jersey. Thus, as a matter of law, defendant's habitual felon indictment did not set forth three predicate felonies as required under N.C. Gen. Stat. § 14-7.1. "Generally parties . . . may not stipulate as to what the law is." *Baxley v. Nationwide Mutual Ins. Co.*, 104 N.C. App. 419, 422, 410 S.E.2d 12, 14 (1991) (citing 83 C.J.S. *Stipulations* § 10 (1953)). Therefore, the fact that defendant stipulated to three predicate felonies set out in the indictment has no bearing on whether the indictment is valid. For the future, we urge defense counsel to carefully scrutinize all three convictions in the habitual felon indictment before advising their clients to plead guilty to having attained the status of an habitual felon for sentencing purposes.

In conclusion, we remand for resentencing on this issue.

Defendant does not present arguments in his brief for his remaining assignments of error; thus, these assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6).

No error in part, vacated in part and remanded for resentencing.

Judges McCULLOUGH and STEPHENS concur.