STATE OF NORTH CAROLINA
v.
DANIEL ELVEL McGEE
No. COA05-1069
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Alamance County Nos. 04 CRS 23569-70.
Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.
James N. Freeman, Jr., for defendant-appellant.
MARTIN, Chief Judge.
Defendant Daniel Elvel McGee was charged with misdemeanor assault on a government official and habitual misdemeanor assault. By a separate bill of indictment defendant was charged with attaining habitual felon status. On 22 February 2005, a jury found defendant guilty of misdemeanor assault on a government official. Defendant subsequently stipulated to the five prior misdemeanor convictions that formed the basis of the habitual misdemeanor assault charge and admitted his habitual felon status. The trial court enhanced defendant's conviction to habitual misdemeanor assault and sentenced defendant as an habitual felon to 90 to 117 months imprisonment. Defendant appeals, contending that his habitual felon indictment and habitual misdemeanor assault indictment were fatally defective. For the reasons discussed below, we find no error.
Defendant argues that his habitual felon indictment was fatally defective because it alleged his 4 February 2000 habitual misdemeanor assault conviction as one of the three predicate felonies supporting his habitual felon status. Defendant also argues that his habitual misdemeanor assault indictment was fatally defective because it alleged a prior assault conviction that occurred more than 15 years before the instant offense. To support his contentions, defendant cites to N.C. Gen. Stat. § 14-33.2, which was amended in 2004 to read as follows:
A person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 and causes physical injury, or G.S. 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation. A conviction under this section shall not be used as a prior conviction for any other habitual offense statute. A person convicted of violating this section is guilty of a Class H felony.
N.C. Gen. Stat. § 14-33.2 (2004).
Defendant's reliance on the amended statute is misplaced. The North Carolina Session Laws passed by the 2004 session of the General Assembly state that the amended section 14-33.2 is "effective December 1, 2004, and applies to offenses committed on or after that date. Prosecutions for offenses committed before the effective date of this part are not abated or affected by this part, and the statutory provisions that would be applicable but for this part remain applicable to those provisions." 2004 N.C. Sess. Laws 2004-186, sec. 10.1 and 10.2. Thus, the amended statute applies only to offenses committed on or after 1 December 2004. Defendant committed the instant offenses on 27 September 2004, which is two months before the 1 December 2004 effective date of the 2004 amendments.
The statute in effect when defendant committed the crimes provides:
A person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33(c) or G.S. 14-34, and has been convicted of five or more prior misdemeanor convictions, two of which were assaults. A person convicted of violating this section is guilty of a Class H felony.
N.C. Gen. Stat. § 1433.2 (2003).
As defendant concedes in his brief, it was permissible to use a habitual misdemeanor assault conviction as a predicate felony for a defendant's habitual felon status prior to the 2004 amendment of N.C. Gen. Stat. § 14-33.2. Defendant also concedes that the 2004 amendment added the language limiting the age of the prior assault convictions that could be used to support a habitual misdemeanor assault charge. Thus, it was permissible to use a prior conviction more than fifteen years prior to the current violation before the 2004 amendment of N.C. Gen. Stat. § 14-33.2. Because N.C. Gen. Stat. § 14-33.2, as amended in 2004, does not apply to defendant's case, defendant's contentions are without merit.
No error.
Judges BRYANT and GEER concur.
Report per Rule 30(e).