STATE OF NORTH CAROLINA v. GREGORY REQUINT ARTIS, Defendant

No. COA06-443

(Filed 6 February 2007)

**Constitutional Law— double jeopardy—habitual misdemeanor assault—habitual felon statute—same argument previously rejected**

Although defendant contends his convictions for habitual misdemeanor assault and under the habitual felon statute violate the Fifth Amendment's prohibition against double jeopardy, he is not entitled to a new trial, because: (1) the Court of Appeals has already rejected this argument; and (2) defendant has offered no other basis for reversal.

Appeal by defendant from judgments entered 23 January 2006 by Judge William C. Griffin, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 2 November 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Dahr Joseph Tanoury, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

GEER, Judge.

Defendant Gregory Requint Artis appeals from his conviction of malicious conduct by a prisoner and habitual misdemeanor assault and his sentencing as a habitual felon. His appeal rests solely on his contention that, under the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), the habitual felon and habitual misdemeanor assault statutes can no longer be considered sentence-enhancing statutes. Instead, according to defendant, they now must be viewed as setting out substantive crimes and, therefore, sentencing as a habitual felon or for habitual misdemeanor assault violates the Double Jeopardy Clause. Because our Court has already rejected such reasoning in *State v. Massey*, 179 N.C. App. 803, 635 S.E.2d 528 (2006), we uphold defendant's conviction and sentence.

On 23 August 2004, defendant was indicted for malicious conduct by a prisoner, habitual misdemeanor assault, and attaining the status

STATE v. ARTIS

[181 N.C. App. 601 (2007)]

of habitual felon. The charges arose from an incident that took place on 4 December 2003 at the Pitt County Detention Center in Greenville, North Carolina, where defendant was incarcerated. On 13 October 2004, defendant was found guilty of (1) throwing bodily fluids at a local government employee in the performance of his duties and (2) assault on a local government employee, which in turn supported a conviction of habitual misdemeanor assault. Defendant then pled guilty to being a habitual felon.

On appeal, this Court affirmed the convictions of malicious conduct by a prisoner and habitual misdemeanor assault, but concluded that the trial court had failed to comply with N.C. Gen. Stat. § 15A-1022(a) (2003) in connection with defendant's guilty plea as to his habitual felon status. *State v. Artis*, 174 N.C. App. 668, 677, 622 S.E.2d 204, 210 (2005), *disc. review denied*, 360 N.C. 365, 630 S.E.2d 188 (2006). The Court, therefore, vacated the habitual felon conviction and remanded for resentencing.

On remand, the State presented evidence that defendant had three prior felony convictions: two for habitual misdemeanor assault and one for felony eluding arrest.[1] After the jury found defendant guilty of being a habitual felon, the trial court sentenced defendant as a habitual felon to 168 to 211 months for the malicious conduct conviction and to a concurrent term of 151 to 191 months for the habitual misdemeanor assault conviction. Defendant timely appealed.

Relying exclusively on the *Apprendi* and *Blakely* decisions, defendant contends that his conviction for habitual misdemeanor assault and under the habitual felon statute violate the Fifth Amendment's prohibition against double jeopardy. Specifically, he argues that those two decisions have eliminated sentence-enhancement statutes, rendering all recidivist statutes substantive crimes with the result, according to defendant, that sentencing for either habitual

---

1. The habitual misdemeanor assault statute was amended in 2004 to prohibit the use of prior habitual misdemeanor assault convictions as predicate offenses for other recidivist statutes. *See* N.C. Gen. Stat. § 14-33.2 (2005) ("A conviction under this section shall not be used as a prior conviction for any other habitual offense statute."). The amended version of § 14-33.2 became "effective December 1, 2004, and applies to offenses committed on or after that date. Prosecutions for offenses committed before the effective date of this part are not abated or affected by this part, and the statutory provisions that would be applicable but for this part remain applicable to those prosecutions." 2004 N.C. Sess. Laws 186, sec. 10.2. Because the offenses at issue took place prior to 1 December 2004, the State was not barred from prosecuting a habitual felon charge against defendant based on his prior convictions for habitual misdemeanor assault.

misdemeanor assault or as a habitual felon violates the Double Jeopardy Clause's prohibition against multiple punishments for the same offense.

Defendant recognizes that our courts have already held that neither the habitual felon statute nor the habitual misdemeanor assault statute violate the Double Jeopardy Clause. *See State v. Todd*, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985) (upholding habitual felon statute); *State v. Carpenter*, 155 N.C. App. 35, 47-48, 573 S.E.2d 668, 676-77 (2002) (addressing habitual misdemeanor assault), *disc. review denied*, 356 N.C. 681, 577 S.E.2d 896 (2003). Nevertheless, he urges that we reconsider this precedent in light of *Apprendi* and *Blakely*.

Defendant's novel interpretation of *Apprendi* and *Blakely* was, however, recently rejected by this Court in *Massey*. In addressing precisely the arguments made in this case, this Court held:

> Although defendant contends that the *Apprendi* line of cases renders habitual misdemeanor assault unconstitutional as violative of the prohibition against double jeopardy, defendant reads too much into *Apprendi* and its progeny. *Blakely* explicitly *permits* sentence enhancements provided that sentence enhancements, with the exception of prior convictions, are found beyond a reasonable doubt by the jury. In fact, the United States Supreme Court expressly permitted sentence enhancements imposed by a judge when the defendant stipulates to the relevant facts or consents to judicial fact-finding. . . . In essence, *Apprendi* and *Blakely* applied the Sixth Amendment right to a jury trial to sentence enhancements. Defendant's argument, however, is directed at the *Fifth* Amendment prohibition against double jeopardy, and accordingly, *Apprendi* and *Blakely* are inapposite.

> We decline to extend the Supreme Court's holdings in *Apprendi* and *Blakely* to the habitual misdemeanor assault statute, and as we are bound by prior decisions of a panel of this Court, defendant's argument is precluded by *State v. Carpenter*, 155 N.C. App. 35, 573 S.E.2d 668 [(2002)].

*Massey*, 179 N.C. App. at 808, 635 S.E.2d at 531-32 (internal citations omitted).

Although *Massey* addressed only the habitual misdemeanor assault statute, its analysis—rejecting defendant's contention that

*Apprendi* and *Blakely* have transformed recidivist offenses from sentence-enhancing statuses into solely substantive criminal offenses—is equally controlling as to defendant's arguments in this case regarding the habitual felon statute. We continue, therefore, to be bound by *Todd.* Since defendant has offered no other basis for reversal, we hold that defendant received a trial free of error.

No error.

Judges LEVINSON and JACKSON concur.