STATE OF NORTH CAROLINA v. KWAME HOLLOWAY

No. COA11-240

(Filed 18 October 2011)

**1. Appeal and Error—representation—amendment to brief by defendant**

A defendant did not have the right to appear both by himself and by counsel, and a *pro se* amendment to council's brief was not considered.

**2. Sentencing—habitual felon—habitual misdemeanor assault**

The trial court did not err by sentencing defendant as an habitual felon using convictions that included habitual misdemeanor assault. Although the habitual misdemeanor assault statute, N.C.G.S. § 14-33.2, states that a conviction under that section may not be used as a prior conviction for any other habitual offense statute, the habitual felony statute involves a status rather than a substantive offense.

Appeal by defendant from judgment entered 21 July 2010 by Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in the Court of Appeals 12 September 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Valerie L. Bateman, for the State.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm and Benjamin G. Goff, for defendant-appellant.*

BRYANT, Judge.

Because defendant was convicted of habitual misdemeanor assault, a class H felony, and attained the status of habitual felon, we affirm the trial court's judgment sentencing defendant pursuant to the habitual felon sentencing statute.[1]

On 15 June 2009, a Wake County Grand Jury indicted defendant Kwame Holloway on two counts of assault on a female and two counts of habitual misdemeanor assault for striking his girlfriend on 4 December 2008 and 23 December 2008. On 28 July 2009, a grand jury indicted defendant on attaining habitual felon status: Defendant's prior felony convictions included second-degree kidnapping (95 CRS 15412), possession of cocaine (00 CRS 36635), and felonious restraint (02 CRS 102997). Prior to trial, defendant admitted to two prior misdemeanor assault convictions. On 21 July 2010, following a trial in Wake County Superior Court, a jury found defendant Kwame Holloway guilty of two counts of assault on a female. After a sentencing hearing, the trial court sentenced defendant to two consecutive sentences of

---

[1] 1. We note that defendant submitted for our consideration a pro se amendment to the brief submitted by his appellate counsel. We do not consider this amendment. "Having elected for representation by appointed defense counsel, defendant cannot also file motions on his own behalf or attempt to represent himself. Defendant has no right to appear both by himself and by counsel." *State v. Williams*, 363 N.C. 689, 700, 686 S.E.2d 493, 501 (2009) (citation omitted).

108 to 139 months in the custody of the North Carolina Department of Correction. Each sentence was predicated on a consolidated judgment for one count of assault on a female, one count of habitual misdemeanor assault, as well as, attaining habitual felon status. Defendant appeals.

[2] On appeal, defendant argues that the trial court erred in sentencing him as an habitual felon. Defendant contends that habitual felon status cannot be attained based on misdemeanor criminal conduct. Specifically, defendant contends that his convictions for habitual misdemeanor assault, a class H felony, cannot be used as a felony on which to predicate sentencing as a habitual felon. We disagree.

Pursuant to North Carolina General Statutes, section 14-33.2, describing conduct punishable as habitual misdemeanor assault, "[a] conviction under this section shall not be used as a prior conviction for any other habitual offense statute." N.C. Gen. Stat. § 14-33.2 (2009). This Court has previously held N.C.G.S. § 14-33.2, "the habitual misdemeanor statute[,] to be a substantive offense." *State v. Smith*, 139 N.C. App. 209, 214, 533 S.E.2d 518, 520 (2000). In comparison, the habitual felon statute, N.C. Gen. Stat. § 14-7.1, is not a substantive offense. "Rather, being an habitual felon is a status justifying an increased punishment for the principal felony." *Id.* (citing *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977)).

"When any person is charged by indictment with the commission of a felony under the laws of the State of North Carolina and is also charged with being an habitual felon as defined in G.S. 14-7.1, he *must*, upon conviction, be sentenced and punished as an habitual felon . . . ." N.C. Gen. Stat. § 14-7.2 (2009) (emphasis added). "When an habitual felon . . . commits any felony under the laws of the State of North Carolina, the felon must, upon conviction . . . be sentenced as a Class C felon." N.C. Gen. Stat. § 14-7.6 (2009).

Here, defendant was indicted and convicted on two counts of habitual misdemeanor assault, a substantive crime and a class H felony. Defendant was also indicted and convicted on two counts of attaining habitual felon status as defined in N.C.G.S. § 14-7.1. Therefore, based on our statutes, defendant must be sentenced as a Class C felon. *See* N.C.G.S. §§ 14-7.2, 14-7.6.

While defendant's arguments are well taken, we note that the primary purpose of recidivist statutes such as these are "to deter repeat offenders and, at some point in the life of one who repeatedly com-

**STATE v. HOLLOWAY**

[216 N.C. App. 412 (2011)]

mits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *State v. Aldridge*, 76 N.C. App. 638, 640, 334 S.E.2d 107, 108 (1985) (discussing N.C.G.S. § 14-7.6).

Affirmed.

Chief Judge MARTIN and Judge CALABRIA concur.