**STATE v. SHAW**

[224 N.C. App. 209 (2012)]

STATE OF NORTH CAROLINA

v.

ERIC LAMONT SHAW

No. COA12-545

Filed 4 December 2012

**Sentencing—habitual felon status—habitual misdemeanor assault not a prior underlying felony**

The trial court erred in a misdemeanor possession of stolen property and an uttering a forged instrument case by sentencing defendant as an habitual felon. The clear intent of the habitual misdemeanor assault statute prevented it from being used as a prior underlying felony to achieve habitual felon status. The judgment entered against defendant was vacated and remanded to the superior court for resentencing.

Appeal by defendant from judgment entered 2 December 2009 by Judge Paul Gessner in Durham County Superior Court. Heard in the Court of Appeals 8 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Peggy S. Vincent, for the State.*

*McCotter Ashton, P.A., by Rudolph A. Ashton, III, for Defendant-appellant.*

ERVIN, Judge.

Defendant Lamont Eric Shaw appeals from a judgment sentencing him to 101 to 131 months imprisonment based upon his convictions for misdemeanor possession of stolen property, uttering a forged instrument, and having attained the status of an habitual felon. In his brief, Defendant contends that the trial court erroneously sentenced him as an habitual felon given that one of the predicate felonies used to enhance his sentence could not be lawfully used for that purpose. After careful consideration of Defendant's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should be vacated and that this case should be remanded to the Durham County Superior Court for resentencing.

## I. Factual Background

On 25 March 2008, a warrant for arrest was issued charging Defendant with obtaining property by false pretenses, forging an endorsement, and uttering a forged endorsement. On 2 June 2008, the Durham County grand jury returned bills of indictment charging Defendant with identity theft, misdemeanor possession of stolen property, obtaining property by false pretenses, forgery, uttering a forged instrument, and having attained habitual felon status, with the last of these charges based upon two prior felonious larceny convictions and a conviction of possession of a firearm by a convicted felon. On 17 November 2008, the Durham County grand jury returned superseding indictments charging Defendant with identity theft, misdemeanor possession of stolen property, obtaining property by false pretenses, forgery, uttering a forged instrument, and having attained the status of an habitual felon, with the habitual felon allegation resting on two of the same prior convictions specified in the original indictment, as well as a felonious drug possession conviction.[1] On 16 March 2009, the Durham County grand jury returned a new set of superseding indictments charging Defendant with identity theft, misdemeanor possession of stolen property, attempting to obtain property by false pretenses, forgery, uttering a forged instrument, and having attained the status of an habitual felon, with the habitual felon allegation resting upon Defendant's prior convictions for felonious larceny, possession of a firearm by a convicted felon, and habitual misdemeanor assault.[2]

The charges against Defendant came on for trial before the trial court and a jury at the 30 November 2009 criminal session of Durham County Superior Court.[3] At the conclusion of the State's evidence, the trial court granted Defendant's motion to dismiss the identity theft charge. On 1 December 2009, the jury returned verdicts convicting Defendant of misdemeanor possession of stolen property, attempting to obtain property by false pretenses, and uttering a forged instrument.

---

1. The 17 November 2008 superseding habitual felon indictment corrected the offense date of the felony larceny conviction carried over from the initial indictment.

2. The only difference between the first and second substantive superseding indictments was that the nature of the false pretense allegedly employed by Defendant was spelled out in the second superseding indictment, thereby establishing that Defendant was being charged with an attempt rather than committing a completed offense.

3. Prior to trial, the State voluntarily dismissed the forgery charge.

On 1 December 2009, the trial court convened a hearing for the purpose of determining whether Defendant should be sentenced as an habitual felon. At that point, the prosecutor informed the trial court that the State would be proceeding based upon the superseding indictment that had been returned on 16 March 2009. As a result, the trial court dismissed the 2 June 2008 and 17 November 2008 habitual felon indictments. After the presentation of the State's evidence, Defendant moved to dismiss the habitual felon indictment on the grounds that habitual misdemeanor assault could not be used as a predicate felony for the purpose of establishing that Defendant had attained habitual felon status. Before the trial court ruled on this dismissal motion, Defendant agreed to admit to having attained habitual felon status. After the execution of a transcript of plea and the completion of a proper plea colloquy, the trial court accepted Defendant's plea of guilty to having attained habitual felon status.

At the ensuing sentencing hearing, the trial court arrested judgment in the attempting to obtain property by false pretenses case. In addition, the trial court determined that Defendant had amassed twenty-five prior record points and should be sentenced as a Level VI offender. Finally, the trial court found as a mitigating factor that Defendant had cooperated with law enforcement officers at the time of his arrest, so that Defendant should be sentenced in the mitigated range. As a result, the trial court consolidated Defendant's remaining substantive convictions for judgment and entered a judgment sentencing Defendant to a minimum of 101 months and a maximum of 131 months imprisonment. Defendant did not note an appeal from the trial court's judgment.

On 20 May 2011, Defendant filed a petition for the issuance of a writ of *certiorari*. On 6 June 2011, this Court "allowed [Defendant's *certiorari* petition] for the purpose of reviewing the judgments entered 2 December 2009." On 1 June 2012, Defendant filed a motion for appropriate relief, which has been referred to the present panel for decision, in which he advanced the same issues that have been discussed in his brief on appeal, and argued that he had been sentenced as an habitual felon in violation of his federal and state constitutional rights.

## II. Legal Analysis

In his sole challenge to the trial court's judgment, Defendant argues that "the clear intent of the habitual misdemeanor assault statute prevents it from being used as a prior underlying felony to

achieve habitual felon status," so that the superseding habitual felon indictment returned against Defendant did not suffice to provide the trial court with jurisdiction to sentence Defendant as an habitual felon. Defendant's argument has merit.

N.C. Gen. Stat. § 14-33.2 provides that:

> A person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of [N. C. Gen. Stat. §] 14-33 and causes physical injury, or [N.C. Gen. Stat. §] 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation. A conviction under this section shall not be used as a prior conviction for any other habitual offense statute. A person convicted of violating this section is guilty of a Class H felony.

"This Court has previously held [N.C. Gen. Stat.] § 14-33.2, 'the habitual misdemeanor statute[,] to be a substantive offense.' " *State v. Holloway*, ___ N.C. ___, ___, 720 S.E.2d 412, 413 (2011) (quoting *State v. Smith*, 139 N.C. App. 209, 214, 533 S.E.2d 518, 520, *appeal dismissed*, 353 N.C. 277, 546 S.E.2d 391 (2000)). As a result, a defendant may be sentenced as an habitual felon in the event that he or she is convicted of habitual misdemeanor assault, since, in that instance, the offense of habitual misdemeanor assault is not being "used as a prior conviction" for purposes of establishing that the defendant is an habitual felon. *Holloway*, ___ N.C. at ___, 720 S.E.2d at 413 (holding that a defendant who has been convicted of habitual misdemeanor assault may be sentenced as an habitual felon based upon prior convictions for second-degree kidnapping, possession of cocaine, and felonious restraint).

A prior habitual misdemeanor assault conviction may not, on the other hand, be utilized as a predicate felony for the purpose of establishing that a convicted defendant has attained habitual felon status. As we have already noted, N.C. Gen. Stat. § 14-33.2 specifically provides that "[a] conviction under this section shall not be used as a prior conviction for any other habitual offense statute." Thus, as this Court stated in *State v. Banks*, 191 N.C. App. 611, 664 S.E.2d 77, 2008 N.C. App. LEXIS 1421 (unpublished), *disc. review denied*, 362 N.C. 683, 670 S.E.2d 565 (2008):

> The plain language of the statute prohibits the use of an habitual misdemeanor assault conviction as a *prior conviction* to enhance a felony to habitual felon status. N.C. Gen. Stat. § 14-33.2 (emphasis added). Nothing in the language of [N.C. Gen. Stat.] § 14-33.2 indicates the legislature intended the term "prior conviction" to refer to the use of an habitual misdemeanor assault conviction as the *principal* felony upon which to base an habitual felon status charge.

*Banks*, 2008 N.C. App. LEXIS 1421, *9-*10 (citing *State v. Artis*, 181 N.C. App. 601, 641 S.E.2d 314, *disc. review denied*, 361 N.C. 430, 648 S.E.2d 846, *cert. denied*, 552 U.S. 1014, 128 S. Ct. 544, 169 L. Ed. 2d 381 (2007)). Thus, Defendant's prior conviction for misdemeanor habitual assault could not, given the literal language of N.C. Gen. Stat. § 14-33.2, serve as one of the predicate felonies needed to support a decision to sentence him as an habitual felon following his conviction for some other substantive offense.

The language upon which we rely in reaching this conclusion was added to N.C. Gen. Stat. § 14-33.2 as part of a significant revision, set out in 2004 N.C. Sess. L. c. 186, s. 10.1, to the statutory provisions governing the offense of habitual misdemeanor assault. According to N.C. Sess. L. c. 186, s. 10.2, the revisions to N.C. Gen. Stat. § 14-33.2 worked by N.C. Sess. L. c. 186, s. 10.1 were "effective December 1, 2004 and applie[d] to offenses committed on or after that date," with "[p]rosecutions for offenses committed before the effective date of this part . . . not abated or affected by this part" and with "the statutory provisions that would be applicable but for this part [to] remain applicable to those prosecutions." As a result of the fact that the misdemeanor habitual felon conviction upon which the State relied in seeking to have Defendant sentenced as an habitual felon rested on conduct that occurred in 2001 and a judgment which was entered in 2003, we must consider whether the use of this conviction to support the enhancement of the sentence imposed upon Defendant for committing a substantive offense in 2008 would be permissible in light of the effective date provision applicable to the 2004 amendments to N.C. Gen. Stat. § 14-33.2 set out in N.C. Sess. L. c. 186, s. 10.2. The answer to that question, in turn, depends upon whether the reference to "offenses committed before the effective date of this part" in 2004 N.C. Sess. L. c. 186, s. 10.2 should be understood, in instances in which the State seeks to have a sentence imposed based upon post-1 December 2004 conduct enhanced based, at least in part, upon a pre-

1 December 2004 conviction for habitual misdemeanor assault, as referring to the substantive offense for which the defendant is being sentenced or the habitual misdemeanor assault conviction which the State seeks to use as a predicate felony.

Although we have not directly addressed this question in a published opinion, we believe that a consistent line of authority in this Court suggests that the effective date language in question should be understood as referring to the substantive conduct for which the defendant is being sentenced rather than to the defendant's prior conviction for habitual misdemeanor assault. In *Artis*, the defendant, who had been "convict[ed] of malicious conduct by a prisoner and habitual misdemeanor assault" based upon an incident that occurred on 4 December 2003 and "sentence[ed] as an habitual felon based upon two prior convictions for misdemeanor habitual felon and one prior conviction for felonious eluding arrest, argued "that, under [recent] United States Supreme Court[] decisions . . . the habitual felon and habitual misdemeanor assault statutes can no longer be considered sentence-enhancing statutes." *Artis*, 181 N.C. App at 601-02, 641 S.E.2d at 314. In the course of resolving this issue in favor of the State, we noted that the amendment to N.C. Gen. Stat. § 14-33.2 prohibiting the use of a conviction for habitual misdemeanor assault "as a prior conviction for any other habitual offense statute" was effective for offenses committed on or after 1 December 2004 and stated that, "[b]ecause the offenses at issue took place prior to 1 December 2004, the State was not barred from prosecuting a habitual felon charge against defendant based on his prior conviction for habitual misdemeanor assault." *Artis*, 181 N.C. App. at 602, n.1, 641 S.E.2d at 315, n.1. Similarly, in *State v. McGee*, 176 N.C. App. 191, 625 S.E.2d 916, 2006 N.C. App. LEXIS 387 *3-*4 (unpublished) (2006), this Court rejected the defendant's contention that he could not be sentenced as an habitual felon for habitual misdemeanor assault, with a prior habitual misdemeanor assault conviction being used as one of the predicate felonies, because the "[d]efendant committed the [assault which led to his conviction for habitual misdemeanor assault] on 27 September 2004, which is two months before the 1 December 2004 effective date of the 2004 amendments." Finally, in *State v. Stephens*, 178 N.C. App. 393, 631 S.E.2d 235, 2006 N.C. App. LEXIS 1466 (unpublished) (2006), we rejected the defendant's challenge to the indictment upon which the trial court predicated its decision to sentence him as an habitual felon for possession of marijuana with the intent to sell or deliver based upon a set of predicate felonies that included

a prior conviction for habitual misdemeanor assault. In reaching this conclusion, we noted that the defendant had been convicted of habitual misdemeanor assault on 1 December 1998, that the conduct which led to the defendant's habitual misdemeanor assault conviction occurred on 10 April 1998, and that the "[d]efendant was indicted on 8 November 2004 as an habitual felon with an offense date of 15 June 2004." *Stephens*, 2006 N.C. App. LEXIS 1466 *23-*24. Although these decisions constitute persuasive, rather than binding, authority, we believe that they reflect a consistent tendency to apply the effective date provision set out in 2004 N.C. Sess. L. c. 186, s. 10.2 based on the date of the substantive offense for which the defendant is being prosecuted rather than on the date of the defendant's prior assaultive conduct or prior habitual misdemeanor assault conviction. Such an outcome strikes us as consistent with the literal language of 2004 N.C. Sess. L. c. 186, s. 10.2, which appears to focus upon current offenses and current prosecutions rather than upon events which occurred at some point in the past, and with the well-established principle that attaining habitual felon status is not a separate offense. *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977) (stating that "'[t]he habitual criminal act . . . does not create a new and separate criminal offense for which a person may be separately sentenced, but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment than would ordinarily be considered'") (quoting *State v. Tyndall*, 187 Neb. 48, 50, 187 N.W.2d 298, 300, *cert. denied sub nom Gorham v. Nebraska*, 404 U.S. 1004, 92 S. Ct. 561, 30 L. Ed. 2d 558 (1971)). As a result, since the present case involves a substantive offense that was committed after the effective date of the 2004 amendments to N.C. Gen. Stat. § 14-33.2, we conclude that Defendant was simply not subject to being sentenced as an habitual felon based, at least in part, upon his prior conviction for habitual misdemeanor assault.

"It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008) (citation omitted).

> "[W]hen an indictment is alleged to be facially invalid, thereby depriving the trial court of jurisdiction, the indictment may be challenged at any time." . . . In the instant case, . . . the habitual felon indictment did not set forth three predicate felony offenses as required pursuant to N.C. Gen. Stat. § 14-7.1, and defendant did

not attain habitual felon status. Because defendant did not attain habitual felon status, the indictment did not set forth the necessary requirements specified in N.C. Gen. Stat. § 14-7.3, and the indictment failed to confer jurisdiction upon the trial court.

*State v. Moncree*, 188 N.C. App. 221, 232-33, 655 S.E.2d 464, 471-72 (2008) (quoting *State v. McGee*, 175 N.C. App. 586, 587-88, 623 S.E.2d 782, 784 (citation omitted), *disc. review denied and appeal dismissed*, 360 N.C. 542, 634 S.E.2d 891 (2006)). In view of the fact that the superseding habitual felon indictment upon which the State relied for the purpose of enhancing Defendant's sentence in this case utilized Defendant's prior conviction for habitual misdemeanor assault as one of the predicate felonies necessary to support the trial court's decision to sentence Defendant as an habitual felon and the fact that an habitual misdemeanor assault conviction cannot be utilized for that purpose consistently with the literal language of N.C. Gen. Stat. § 14-33.2 as interpreted above, we conclude, consistently with the State's concession that "the indictment appears to present a jurisdictional issue," that the superseding habitual felon indictment upon which Defendant's sentence was based failed to adequately allege that Defendant had attained habitual felon status and that this fact deprived the trial court of jurisdiction to sentence Defendant as an habitual felon in this case. As a result, the judgment entered against Defendant must be vacated and this case must be remanded to the Durham County Superior Court for resentencing. *Moncree*, 188 N.C. App. at 234, 655 S.E.2d at 472. (stating that since, "as a matter of law, defendant's habitual felon indictment did not set forth three predicate felonies as required under N.C. Gen. Stat. § 14-7.1" and since "the fact that defendant stipulated to three predicate felonies set out in the indictment has no bearing on whether the indictment is valid," "we remand for resentencing"). Having vacated the trial court's judgment and remanded this case for resentencing, we need not address the issues raised in Defendant's motion for appropriate relief and conclude that it should be denied on mootness grounds.

VACATED AND REMANDED.

Chief Judge MARTIN and Judge STEELMAN concur.